**John S. CZAJKA, Appellant,**

v.

**James HICKMAN, Sheriff; Clint Coplin, Deputy Sheriff; Al Turley, Deputy Sheriff, Appellees.**

No. 82–1269.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 14, 1983.

Decided March 30, 1983.

John J. Allan, St. Louis, Mo., for appellant.

Thomas L. Ray, Jr., Asst. Pros. Atty., Farmington, Mo., for appellees.

Before HEANEY, McMILLIAN and ARNOLD, Circuit Judges.

HEANEY, Circuit Judge.

John S. Czajka appeals from a judgment entered against him pursuant to a jury verdict in a civil action for damages against a Missouri sheriff and two deputy sheriffs. He challenges several evidentiary rulings made by the district court. We affirm.

On October 7, 1980, Czajka was confined in the St. Francois County, Missouri, jail. That evening, he and two other inmates, Ray Barton and Mike Spaeder, attempted to escape by overpowering a guard. The attempt was foiled when Deputy Sheriff Clint Coplin, one of the defendants, interrupted the attack. Czajka testified that when Coplin appeared, he and the two other inmates walked back into their cells; that some few minutes later, Coplin and defendant Deputy Sheriff Al Turley returned to his cell and beat him with a slap jack when he refused to answer questions about the escape attempt; that later, he was taken to an interrogation room where he was beaten with a flashlight by defendant Sheriff James Hickman; and that he was then locked in a cell, chained to the bed for two days and forced to urinate on the floor. Czajka filed suit under 42 U.S.C. § 1983 arguing that he had been deprived of his constitutional rights under color of state law. The defendants denied that Czajka had been beaten and asserted that the force they used against him was limited to that required for self-protection and to prevent an escape. After trial, a jury found for the defendants and the district court entered judgment accordingly.

On appeal, Czajka argues that the trial court made five evidentiary errors which warrant reversal. We will discuss each in turn.

Czajka first urges that the trial court erred in allowing the defendants to cross-examine him on his previous convictions for rape and sexual assault. He argues that the district court failed to balance the probative value of the evidence against its prejudicial impact as required by Fed.R. Evid. 403. Czajka contends that the lack of probative value of, and the high degree of prejudice resulting from, evidence of his

convictions for sexual offenses warrant exclusion of that evidence. Further, he argues that rape is a crime which shows only propensity to engage in criminal behavior, not propensity to lie. The defendants contend that Fed.R.Evid. 609(a) expressly allows impeachment by felony conviction.

Rule 609(a)(1) provides for the admissibility of prior criminal convictions.[1] It provides:

(a) General rule. For the purposes of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant[.]

■ Some commentators have argued that Rule 609(a)(1)'s balancing test was intended to protect only criminal defendants and not civil litigants. See S. Saltzburg & K. Redden, Federal Rules of Evidence Manual, 365 (3d ed. 1982). We need not resolve this issue, because Rule 609 does not foreclose the district court's duty under Fed.R. Evid. 403 to weigh the probative value of the evidence against the danger of unfair prejudice. Shows v. M/V Red Eagle, 695 F.2d 114, 118–119 (5th Cir.1983). Even if the intended focus of Rule 609 is avoidance of prejudice to criminal defendants, the Rule does not mandate a "mechanical and restrictive result when the party facing the potential prejudice is one other than a criminal defendant." Tussel v. Witco Chemical Corp., 555 F.Supp. 979 at 983 (W.D.Pa.1983) (order granting motion in limine). Rule 403 is "a rule of exclusion that cuts across the rules of evidence," and it must be applied in civil cases when a party seeks to cross-examine another about criminal convictions. Shows v. M/V Red Eagle, supra, 695 F.2d at 118.

■ In this case, the district court did not balance the probative value of the evidence against the potential for prejudice. Rather, the court merely determined the convictions were felonies and allowed the cross-examination. Although the district court erred in failing to respond to Czajka's attorney's claims of prejudice, this error was harmless.

Under Fed.R.Civ.P. 61, the admission of improper evidence is harmless when "the substantial rights of the parties" are not affected. See 7 Moore's Federal Practice and Procedure § 61.07[2] (2d ed. 1982); Skogen v. Dow Chemical Corp., 375 F.2d 692, 701 (8th Cir.1967). We believe that the limited cross-examination of Czajka regarding his rape conviction did not significantly detract from his credibility in this case. Czajka was extensively cross-examined, and his credibility impeached on several grounds: he gave written statements to FBI agents that were inconsistent with his courtroom testimony; he failed to report the alleged beatings to doctors he saw within two weeks of the escape attempt; and he failed to call a newspaper reporter he asserted witnessed one of the beatings.

Under these circumstances, one question involving his rape conviction and his sentence did not seriously harm his case. The defense attorney merely asked Czajka to acknowledge the conviction and did not place undue emphasis on it. No details were requested or given. Cf. Shows v. M/V Red Eagle, supra, 695 F.2d at 119 (plaintiff in civil case cross-examined in detail about prior conviction). Any error in failing to exclude the evidence was harmless.

■ Czajka also contends that the district court erroneously refused to allow him to testify as to the physical condition of Ray Barton, who had attempted the escape with Czajka. Czajka would have testified that Barton had not been hit during the escape attempt but that after an interrogation by the defendants, Barton appeared to have

1. Rape is not a crime involving dishonesty or false statement, United States v. Harvey, 588 F.2d 1201, 1203 (8th Cir.1978), and thus Rule 609(a)(2) is not applicable.

been beaten or injured. Czajka believes that this testimony would have bolstered his contention that the defendants' acts were intentional beatings, not acts taken in self-defense and to prevent a jailbreak.

Under the liberal relevancy rule of Rule 403, such testimony would have a tendency to make the defendants' self-defense claim less probable. The trial court has discretion to exclude evidence, however, when its probative value is outweighed by considerations of waste of time or needless presentation of cumulative evidence. Fed.R.Evid. 403. Barton had been subpoenaed to testify and did testify on Czajka's behalf, and Czajka does not contend that Barton was prevented from testifying as to his own experiences. Further, testimony by Czajka with respect to Barton's appearance could have been somewhat confusing to the jury, since Barton's claims were not in issue. Under these circumstances, the exclusion of Czajka's testimony does not warrant reversal. *See United States v. Burch,* 490 F.2d 1300, 1303 (8th Cir.), *cert. denied,* 416 U.S. 990, 94 S.Ct. 2400, 40 L.Ed.2d 769 (1974); *see generally* 2 Louisell & Mueller, Federal Evidence § 125 (1978).

 Czajka next contends that the questions the trial judge asked him were not impartial and thus the court overstepped the bounds of propriety. The trial court has the express authority to question witnesses in order to clarify an issue for the jury or to assist the jury in ascertaining the truth. Fed.R.Evid. 614(b); *United States v. Liddy,* 509 F.2d 428, 438 (D.C.Cir.1974), *cert. denied,* 420 U.S. 911, 95 S.Ct. 833, 42 L.Ed.2d 842 (1975). The district court questioned Czajka about his medical history, his epilepsy, and the medications he was taking. Czajka argues that the court's statement that "blows to the head don't affect epileptic seizures" had a devastating effect on his case. This statement was part of a question concerning the origin of Czajka's epilepsy. As such, the question was within the court's authority. The court's questions

served to clarify Czajka's medical condition and the effects of the alleged beating. Since Czajka failed to object at trial, only plain error would be cause for reversal. *United States v. Nelson,* 570 F.2d 258, 262 (8th Cir.1978). There is no such error here.

Czajka also alleges that the trial court erred in allowing defendant Coplin to testify to statements made to him by Mike Spaeder, one of the inmates who attempted the jailbreak with Czajka. Czajka contends that these statements are inadmissible hearsay.

The challenged testimony by Coplin was that Spaeder said Czajka had hit him in the mouth to coerce him into participating in the escape attempt. Spaeder's statements were not offered to prove the truth of the matter asserted, *i.e.,* that Czajka hit Spaeder. Rather, they were offered to prove that the defendants had good cause to believe Czajka was a risk to the security and safety of other prisoners and that his isolation was justified.[2] Because Spaeder's statements were admissible for this purpose, the district court did not err in allowing Coplin's testimony. Fed.R.Evid. 801(c).

Czajka's final contention is that the district court erred in allowing defendants' counsel to cross-examine him concerning prior civil lawsuits that he had initiated against other prison officials. We cannot say that the district court abused its discretion in allowing the very limited questioning on this issue.

Accordingly, the judgment of the district court is affirmed.

---

**2.** No justification was shown for chaining Czajka's leg to the cell bars and requiring him to urinate on the floor by turning his body. The jury declined to award damages for that conduct, however, and the jury's finding is not contested.