David RADTKE; Ellanor Radtke and Jean Radtke, Appellants,

v.

CESSNA AIRCRAFT COMPANY, a corporation, Appellee.

No. 82–1743.

United States Court of Appeals, Eighth Circuit.

Submitted April 11, 1983.

Decided June 3, 1983.

Eugene K. Buckley, Evans & Dixon, St. Louis, Mo., for appellee.

Richard A. Hollern, John W. Markson, Madison, Wis., for David Radtke, Ellanor Radtke, Jean Radtke; Stafford, Rosenbaum, Rieser & Hansen, Madison, Wis., Edwin T. Noel, Armstrong, Teasdale, Kramer & Vaughan, St. Louis, Mo., of counsel.

Before BRIGHT and FAGG, Circuit Judges, and JONES,[*] District Judge.

JOHN B. JONES, District Judge.

David Radtke, Ellanor Radtke and Jean Radtke brought this products liability action against the Cessna Aircraft Company for bodily injuries sustained when the aircraft, in which they were passengers, crashed during takeoff.[1] Their case against Cessna was based on the claim that the pilot's seat in the aircraft unexpectedly came unlatched during takeoff, causing the pilot to lose control of the aircraft. Cessna's defense was pilot error. After instruction from the District Court[2] on alternative theories of negligence and strict products liability, the jury returned a verdict for Cessna and against the Radtkes on all issues. The Radtkes now appeal from judgment for Cessna, claiming that the district court erred in admitting certain evidence and in instructing the jury. We affirm.

## I.

The primary issue before us is whether the district court erred in permitting counsel for Cessna to cross examine pilot Thomas Leonzi about his conviction on a multi-count, felony drug charge within six years of trial. Because Leonzi's testimony, by videotape deposition, provided the only direct evidence that the pilot's seat came unlatched and caused him to lose control of the aircraft, he was the crucial witness in appellants' case. Specifically, appellants allege that the district court failed to exercise its discretion by balancing the probative value of Leonzi's conviction with its prejudicial effect, as required by the Fed.Rules of Evid. 609(a)(1) and 403. Alternatively, they argue that the trial court abused its discretion, under either of those rules, by allowing cross examination on the conviction.

Although Cessna argues that the Rule 609(a)(1) balancing test protects only criminal defendants and not civil litigants, we have recently declined to resolve that issue, holding that where Rule 403 is also invoked, as it was here, a weighing of probative value versus unfair prejudice is likewise required in civil cases before a witness can be cross examined about criminal convictions. *Czajka v. Hickman, et al.,* 703 F.2d 317 (8th Cir.1983). It is clear from the record that the district court did not make an explicit, on-the-record determination that the probative value of this conviction outweighed the danger of unfair prejudice. Nevertheless, we cannot say that the district court failed in this case to meaningfully exercise its discretion under Rule 403.[3]

[*] The Honorable John B. Jones, United States District Judge for the District of South Dakota, sitting by designation.

[1] District Court jurisdiction was based upon diversity, 28 U.S.C. § 1332.

[2] The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri.

[3] Thus, this case is factually distinguishable from *Czajka* where we found that "the district court did not balance the probative value of the evidence against the potential for prejudice.

The trial judge permitted admission of this conviction only after a hearing, *in limine,* at which counsel for both parties fully identified and argued factors pertinent to the Rule 403 determination. During that argument appellants' counsel specifically cited and applied the Rule 403 balancing formula. It is clear from the record that the court's ruling on admissibility was based upon this discussion of the issue and, therefore, implied a balancing under Rule 403. Under these circumstances, we find no reversible error. *United States v. Evans,* 697 F.2d 240, 248 (8th Cir.1983); *United States v. Jackson,* 627 F.2d 1198 (D.C.Cir.1980); *United States v. Provenzano,* 620 F.2d 985 (3rd Cir.1980); *United States v. Mahone,* 537 F.2d 922 (7th Cir.1976).

■ Furthermore, we cannot agree with appellants' alternative contention that the district court clearly abused its discretion under Rules 403 and 609 by permitting cross examination of Leonzi on this drug conviction. Notably, the trial judge did exclude evidence of Leonzi's other criminal convictions in ruling on appellants' motion *in limine.* Moreover, since Leonzi testified by way of deposition, the court had the benefit of a full description of these convictions, relative to his testimony, as well as the argument of counsel, before ruling on the issues. As we have previously noted in a challenge to the admission of other evidence under Rule 403, "[t]he judge has wide discretion in ruling on the admissibility of evidence and his decision thereon will not be disturbed unless there is a clear and prejudicial abuse of discretion." *E. I. DuPont De Nemours & Co. v. Berkley & Co., Inc.,* 620 F.2d 1247 (8th Cir.1980). We find no such abuse of discretion here.

## II.

Appellants also allege that the district court erred in permitting Cessna's counsel to read to the jury, near the end of Cessna's case-in-chief, a portion of the judgment of conviction on Leonzi's drug charge, including the style of the case, the name of the crime, the time and place of conviction, the

date of sentencing, and the type of punishment. Although Leonzi admitted his conviction on the drug charge during cross examination, his testimony on the nature and extent of his sentence could be characterized as ambiguous and incomplete. Thus, as the trial judge noted, the judgment had probative value for impeachment purposes. Moreover, the district court properly limited the use of the judgment to a recitation of the bare details of the crime, thereby reducing the danger of unfair prejudice to appellants. *See Carlsen v. Javurek,* 526 F.2d 202, 210 (8th Cir.1975), citing C. McCormick, Evidence, § 43, p. 88 (2d Ed.1972).

■ While admission of the foregoing evidence near the end of Cessna's case-in-chief might not be acceptable in most cases, it was not error under the circumstances presented here. Leonzi testified at this trial by videotape deposition. Cessna was not in a position to offer this impeachment evidence except during its own case. Finally, the record shows that the district court carefully considered each detail sought to be elicited from the judgment before ruling on its admissibility.

Thus, we find that appellants were not unfairly prejudiced by the admission of this evidence and that the trial judge did not abuse his discretion.

## III.

■ Appellants also contend that the trial court erred by permitting opposing counsel to use an ancillary lawsuit, then pending against pilot Leonzi, his employer, and various persons affiliated with the airfield in Delaware, to impeach Leonzi's testimony. We disagree. The Delaware action was clearly relevant to show the interest and bias of this witness. *Kanatser v. Chrysler Corp.,* 199 F.2d 610, 617 (10th Cir.1952); *Villaroman v. United States,* 184 F.2d 261, 262 (D.C.Cir.1950); *United States v. Cohen,* 163 F.2d 667, 669 (3rd Cir.1947). The district court carefully considered and rejected counsel's arguments for exclusion under

Rather, the court merely determined the convictions were felonies and allowed the cross-ex-

amination." at p. 319.

Rule 403, finding that the probative value of this evidence was not outweighed by any danger of unfair prejudice or confusion. Furthermore, the judge instructed the jury that, although another action against different defendants was pending in Delaware, their sole function was to decide the liability issue in this case against Cessna. We find no error in the district court's overall treatment of this evidence nor any abuse of discretion in its application of Rule 403.

### IV.

Finally, appellants argue that the district court committed prejudicial error (1) by permitting Cessna's counsel to make reference to the fact that appellants had been previously represented by other attorneys; (2) by admitting videotape evidence to show the dimensions of a similar aircraft cabin while occupied by several passengers; and (3) by instructing the jury on strict products liability in language similar to the formulation in Restatement (Second) of Torts § 402A (1965). After carefully reviewing the record and considering these remaining assignments of error, we find them to be without merit.

Accordingly, the judgment of the district court is affirmed.