**James F. BOYER, Plaintiff,**

**v.**

**CHICAGO AND NORTH WESTERN TRANSPORTATION COMPANY, a Delaware corporation, Defendant.**

**Civ. No. 3–83–1123.**

United States District Court,
D. Minnesota,
Third Division.

Jan. 14, 1985.

Louis E. Jungbauer, Minneapolis, Minn., for plaintiff.

Jeffrey Schmidt, Minneapolis, Minn., for defendant.

## MEMORANDUM ORDER

MAGNUSON, District Judge.

A hearing was held before the undersigned on January 11, 1985 upon plaintiff's motion for an order prohibiting mention of his felony conviction at trial. Louis E. Jungbauer, Esq., appeared on behalf of the plaintiff. Jeffrey Schmidt, Esq., appeared on behalf of defendant.

Plaintiff James Boyer is a former railroad switchman for the defendant Chicago and North Western Transportation Company who allegedly sustained permanent back injuries on May 8, 1982. In connection with that injury, Boyer filed the present Federal Employers' Liability Act claim pursuant to 45 U.S.C. § 51 *et seq.* In 1981 Boyer pled guilty to possession of cocaine with intent to distribute. Plaintiff now seeks an order preventing the defendant from raising the issue of his conviction at trial.

Federal Rule of Evidence 609(a) states that:

> For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross examination but only if the crime (1) was *punishable by death or imprisonment in excess of one year* under the law under which he was convicted, *and* the court determines that the *probative value of admitting this evidence outweights its prejudicial* effect to the defendant, or (2) involve dishonesty or false statement, regardless of the punishment.

The Eighth Circuit Court of Appeals has previously ruled that a conviction on a narcotics charge is not a crime involving dishonesty or false statement within the meaning of Subdivision 2 of Rule 609(a). *United States v. Hastings,* 577 F.2d 38, 41 (8th Cir.1978). Thus, for Boyer's cocaine conviction to be admissible against him at trial it must meet the requirements of Rule 609(a)(1).

Rule 609(a)(1) sets forth two distinct requirements, both of which must be met before a conviction may be introduced against a witness. The first requirement is that the conviction must be for a crime which was punishable by death or imprisonment in excess of one year. Boyer's cocaine conviction satisfies this requirement. The second requirement set forth in Rule 609(a)(1) is that the trial court must make an affirmative determination that the probative value of admitting the conviction outweighs its prejudicial effect to the defendant. It is the second requirement which is more problematic in this case.

The language of Rule 609(a)(1) speaks of "prejudicial effect to the defendant". Clearly, when this rule was drafted the primary concern of the drafters was the potential prejudice of criminal convictions used against defendants in criminal cases. A number of courts and commentators have even suggested that the balancing test in Rule 609(a)(1) does not apply to civil cases. *See e.g.* S. Salzburg & K. Redden,

*Federal Rules of Evidence Manual,* 365 (3d ed. 1982). The Eighth Circuit Court of Appeals in *Czajka v. Hickman,* 703 F.2d 317, 319 (8th Cir.1983) refused to decide whether the balancing test of Rule 609(a)(1) applied to civil cases. Similarly, in *Shows v. M/V Red Eagle,* 695 F.2d 114, 119 (5th Cir.1983) the Fifth Circuit also avoided the issue of whether the 609(a)(1) balancing test applied in civil cases.

Both the Eighth and the Fifth Circuits, in the context of refusing to decide whether the 609(a)(1) balancing test applied in civil cases, did hold that the Rule 403 balancing test which provides that "relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice...." did apply any time a criminal conviction was introduced in civil cases. *Czajka,* 703 F.2d 317, 319 (8th Cir. 1983). *Shows,* 695 F.2d 114, 119 (5th Cir. 1983);

It is important to note that the language used in the Rule 403 is different from that used in Rule 609. Fed.R.Ev. 403 states that:

Although relevant, evidence may be excluded if its *probative value is substantially outweighed* by the danger of unfair prejudice....

*Id.* Rule 609(a)(1) predicates the admission of a prior criminal conviction upon a finding by the district court that:

the *probative value* of admitting this evidence *outweighs its prejudicial effect*
....

While the syntax of the two tests appears to be similar, the Fifth Circuit Court of Appeals has accurately pointed out that the Rule 403 balancing test provides less protection against the admission of prior convictions. *Shows,* 695 F.2d 114, 119 (5th Cir., 1983). A court applying the Rule 403 balancing test would admit more convictions than under the more stringent test of Rule 609 of the Federal Rules of Evidence.

This court, in keeping with the position of both the Fifth and the Eighth Circuits, will also avoid making any decision on whether the Rule 403 balancing test or the Rule 609 balancing test applies to this case.

Instead, the court finds that even under the less stringent Rule 403 balancing test Boyer's conviction must be excluded. This case is very similar to *Shows* where the Fifth Circuit Court of Appeals indicated that it was reversible error to admit a prior conviction for armed robbery in a Jones Act suit. In *Shows* the district court failed to engage in any balancing test, a problem normally cured by a remand. The Fifth Circuit refused to remand stating:

We decline to remand for the limited purpose of such a hearing because the balancing exercise could properly come out only in favor of an exclusion of the evidence. There is not enough here on the admission side of the scale to have a meaningful balancing exercise under Rule 403.

*Id.* The facts of this case are very similar to the situation in *Shows* and this court finds the reasoning of the *Shows* court to be persuasive.

The attention of the jury in the present case should properly focus on the conduct of the plaintiff and the defendant with respect to the accident which gave rise to the plaintiff's claim. Admitting Boyer's conviction could only serve to poison the minds of the jurors by arousing their punitive instincts thereby diverting their attention from the issues that are central to this action.

For the reasons stated above, IT IS ORDERED that:

1. Plaintiff's motion to exclude mention of plaintiff's prior cocaine conviction is granted.