**Michele LINSKEY, as mother and next friend of Michael Moore, Plaintiff, Appellant,**

v.

**Michael H. HECKER, et al., Defendants, Appellees.**

**No. 84–1097.**

United States Court of Appeals, First Circuit.

Argued Oct. 5, 1984.

Decided Jan. 29, 1985.

Michael F. Mills, Salem, Mass., with whom Rifkin Law Offices, Salem, Mass., was on brief for plaintiff, appellant.

Gary D. Buseck, Boston, Mass., with whom Cynthia J. Cohen, Richard Elliot Powers and Parker, Coulter, Daley & White, Boston, Mass., were on brief for defendants, appellees.

Before CAMPBELL, Chief Judge, BREYER, Circuit Judge, and WEIGEL,[*] Senior District Judge.

WEIGEL, Senior District Judge.

This is an appeal from a judgment following a jury verdict for defendant-appellees in a personal injury action. Appellant contends that the district court committed reversible error in admitting evidence of a witness's prior criminal convictions for purposes of impeachment.

On October 12, 1976, Michael Moore ("Michael"), a 14 year old boy, while riding a bicycle was struck by a tractor-trailer driven by defendant-appellee Michael H. Hecker ("Hecker"), an employee of defendant-appellee Armira Corporation. The accident occured when Michael's bicycle slid underneath the body of the trailer as the tractor-trailer was pulling into a driveway. In 1977, Michael's mother, plaintiff-appellant Michelle Linskey, instituted a civil action in federal district court to recover damages for her son's alleged injuries resulting from the accident. Two years later, appellant moved to expedite the trial date. The motion was denied without prejudice to renewal if supported by an affidavit setting forth appropriate grounds for advancement of the case on the court's docket. Appellant submitted no such affidavit.[1]

The case proceeded to jury trial in December of 1983. Each side presented its own version of the accident. Michael testified, in summary, that he was riding his bicycle around a corner on a sidewalk, proceeding in a reasonably cautious manner, when the tractor-trailer driven by Hecker suddenly turned in front of him, forcing him to slide underneath. Hecker testified,

---

* Of the Northern District of California, sitting by designation.

1. For this reason, there is no merit in any contention that her case was wrongfully prejudiced by excessive delay prior to trial.

in summary, that he stopped in the middle of the roadway, made a left turn into the driveway in a reasonably cautious manner, and that Michael appeared suddenly from around the corner on his bicycle, sliding underneath the trailer before Hecker could stop. An eyewitness largely corroborated Hecker's version.

Damages were also disputed. Appellant contended that Michael's arm was permanently impaired. Appellees maintained that Michael, who had since worked as a roofer, suffered no permanent injury.

Appellees were permitted to impeach Michael's testimony by introducing evidence that he had been convicted of fourteen crimes (seven larcenies, six burglaries and one armed robbery) in September of 1980 and of shoplifting in 1982. Appellant claims that the district court committed reversible error by permitting Michael's testimony to be impeached by evidence of his prior criminal convictions.

Federal Rule of Evidence 609(a) provides in part that:

> For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted ... but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

■ Because none of the crimes of which Michael was convicted "involved dishonesty or false statement" within the meaning of Rule 609(a)(2), *see United States v. Grandmont,* 680 F.2d 867, 871

(1st Cir.1982), the test to be applied is that of subsection (1). Appellant contends that the district court erred because the prejudicial effect of the evidence of Michael's convictions exceeded their probative value.[2]

■ The final legislative statement accompanying Rule 609 emphasizes that the only prejudice to be considered in determining whether to exclude impeaching evidence of prior criminal convictions is "the prejudicial effect *to the defendant.*" H.R. Rep. No. 1597, 93d Cong., 2d Sess. 9–10, *reprinted in* 1974 U.S.Code Cong. & Ad. News, 7051, 7098, 7103 (emphasis in original). Embarassment of witnesses and prejudice to parties other than criminal defendants were thought insufficient reasons to exclude such evidence, which Congress considered highly probative of a witness's credibility. *See id.* Thus, appellant is incorrect in asserting that Rule 609(a)(1) required the district court to consider whether Michael would be prejudiced by admission of the impeaching convictions.

Several courts have concluded, based on the language quoted above, that evidence of prior convictions within the scope of Rule 609(a)(1) may *never* be excluded on the basis of potential prejudice to a plaintiff (in a civil case) or prosecution (in a criminal case). *E.g., United States v. Nevitt,* 563 F.2d 406, 408–09 (9th Cir.1977) (criminal), *cert. denied* 444 U.S. 847, 100 S.Ct. 95, 62 L.Ed.2d 61 (1979); *United States v. Martin,* 562 F.2d 673, 680 n. 16 (D.C.Cir.1977) (dictum of Bazelon, J.) (criminal); *Garnett v. Kepner,* 541 F.Supp 241, 244–45 (M.D.Pa.1982) (civil). Appellees now urge us to hold that the district court had no discretion to exclude evidence of Michael's felony convictions. *Cf. United States v. Kiendra,* 663 F.2d 349, 355 (1st Cir.1981) (district court has no discretion to

---

**2.** It now appears that four of Michael's fifteen convictions were not "punishable by ... imprisonment in excess of one year" as required by the Rule. However, appellant did not contest their admission on this ground below and is thus precluded from now raising this challenge. *See United States v. Kiendra,* 663 F.2d 349, 353

(1st Cir.1981). Even if the admission of evidence of these four convictions was error, the error was harmless in light of the fact that evidence of eleven convictions for crimes punishable by imprisonment in excess of one year was properly admitted. Fed.R.Evid. 103(a).

exclude evidence within the scope of Rule 609(a)(2)).

Other courts have been troubled by the view that the framers of Rule 609(a)(1) envisioned only criminal cases and criminal defendants when drafting the language of the rule permitting only consideration of prejudice "to the defendant." These courts have not invoked Rule 609(a)(1) as a basis for excluding evidence of a witness's prior felony convictions in civil cases, but have instead looked to the provision in Federal Rule of Evidence 403 that relevant evidence "may be excluded if its probative value is *substantially* outweighed by the danger of unfair prejudice" (emphasis added). *E.g., Radtke v. Cessna Aircraft Co.,* 707 F.2d 999, 1000 (8th Cir.1983); *Shows v. M/V Red Eagle,* 695 F.2d 114, 119 (5th Cir.1983); *Moore v. Volkswagenwerk, A.G.,* 575 F.Supp. 919, 921–22 (D.Md.1983).

The district court appeared to favor the latter interpretation of the Rules of Evidence. It found that Rule 609 "does not apply to civil cases" but that (although it declined to do so) "the Court in its discretion under Rule 403 could exclude the evidence [of Michael's convictions]."

We need not determine whether the district court retained discretion to exclude evidence of Michael's prior felony convictions. If, as appellees urge, the district court had no discretion to exclude such evidence, there was no error in admitting it to impeach Michael's testimony. On the other hand, if the district court could have excluded the evidence under Rule 403, the court did not abuse its discretion in declining to do so. The district court balanced the probative value of the evidence of Michael's convictions against its prejudicial effect in deciding that it was admissible. The jury was instructed to consider the evidence only in evaluating Michael's credibility. The district court did not err in admitting the evidence of Michael's felony convictions.

The judgment of the district court is affirmed.