810 F.2d 199
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Millon BLACKSHEAR; Gwendolyn Blackshear, Plaintiffs-Appellants,
v.
CITY OF CANTON; Thomas W. Wyatt; Stanley Cmich; Ptl. Mark
Fox; Ptl. William Garman; John(s) Does, Official names
unknown, but members of Canton Police Department; Sam
Purses, Present Mayor of City of Canton, Ohio, in his
official capacity only, Defendants-Appellees.
 No. 85-3298.
 United States Court of Appeals, Sixth Circuit.
 Nov. 25, 1986.
 
 Before KENNEDY and MARTIN, Circuit Judges, and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is a tragic case in which Millon Blackshear has been rendered motionless from the neck down as a result of an accident that took place on December 20, 1982, in the Canton City Jail in Canton, Ohio. Sometime during that evening he fell and broke his neck. Blackshear had been arrested and placed in jail on several counts of rape, kidnapping and aggravated robbery.
 
 
 2
 The appeal stems from a civil action brought by Blackshear against Canton City Jail officials. The action was tried in district court in January of 1985. During cross-examination of Blackshear, it was brought out that he had been found guilty in the Stark County Common Pleas Court of three counts each of rape, kidnapping and aggravated robbery. His counsel objected and moved for a mistrial. The district court in its discretion under Federal Rule of Evidence 609(a)(1) found the information admissible because Blackshear had been found guilty in the Ohio court. Confusion arose as to the circumstances of this guilty finding.
 
 
 3
 On November 14, 1983, the Stark County Common Pleas Court accepted Blackshear's plea of no contest to the three counts of rape, three counts of kidnapping, and three counts of aggravated robbery. After finding Blackshear guilty, the Ohio court granted Blackshear's motion to defer sentencing until his medical condition permitted execution. Also, the Ohio court, which speaks only through its journal, withheld journalization of the conviction upon Blackshear's motion until completion of his civil action against the jail officials. On January 12, 1984, the Ohio court journalized the no contest plea and on September 27, 1984, the court journalized its finding of guilty and deferred the imposition of sentence until Blackshear's physical condition improved.
 
 
 4
 The question before us is whether the district court abused its discretion in allowing the introduction of the finding of guilty to impeach Blackshear's testimony in the civil action. Rule 609(a)(1) of the Federal Rules of Evidence provides for the admission of prior criminal convictions for challenging witness credibility if the crime was punishable by more than one year imprisonment and if "the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant." Some have argued that the balancing test was intended to protect only criminal defendants and not civil defendants. In this case, however, we need not resolve that issue as Rule 609 does not foreclose the district court's duty under Rule 403 to consider the probative value of the evidence versus the danger of unfair prejudice. Accord Czajka v. Hickman, 703 F.2d 317, 319 (8th Cir.1983); Shows v. M/V Red Eagle, 695 F.2d 114, 118-19 (5th Cir.1983). The focus of Rule 609 is avoidance of prejudice to criminal defendants and the rule does not demand a mechanical and restrictive result when the one facing potential prejudice is not a criminal defendant. Rule 403 is an exclusionary rule cutting across all of the rules of evidence and should be applied equally in civil and criminal cases.
 
 
 5
 The district court in this case weighed the potential probative value and prejudice and determined that the prejudicial effect was less than the benefit of allowing the defendants to present their case. The district court accurately noted that the findings of guilty by the Ohio common pleas court had been journalized. They were journalized and made official in 1983 and 1984. The district court specifically observed that the convictions of the serious crimes had probative value in explaining the security precautions taken by the defendants, in evaluating the underlying credibility of Blackshear's testimony, and in estimating certain elements of damages. For these reasons, the district court concluded that the probative value of the convictions outweighed prejudicial impact on Blackshear. We do not think that under Rule 609, as tested by Rule 403, that the district court abused its discretion.
 
 
 6
 As for Blackshear's second argument, we find it lacking in merit and unworthy of serious discussion. As we made clear in Wilson v. Beebe, 770 F.2d 578 (6th Cir.1985), a § 1983 plaintiff must show more than mere negligence to establish a remediable due process violation.
 
 
 7
 We affirm.