Hillsborough-northern judicial district
No. 2002-482

GINA ZOLA

v.

MARJORIE KELLEY

Argued: May 14, 2003
Opinion Issued: July 1, 2003

*Rinden Professional Association*, of Concord (*Paul Rinden* on the brief and orally), for the plaintiff.

*Law Firm of Hess and Fraas, PLLC*, of Bow (*Linda E. Fraas* on the brief and orally), for the defendant.

BRODERICK, J. The plaintiff, Gina Zola, appeals from a jury verdict in Superior Court (*Conboy*, J.) in favor of the defendant, Marjorie Kelley. We reverse and remand for a new trial.

The following facts are undisputed. The plaintiff brought suit against the defendant for personal injuries she sustained in a motor vehicle collision in March 1999. Prior to trial, the defendant moved *in limine* to allow evidence of the plaintiff's prior felony drug conviction. In response, the plaintiff moved to exclude the evidence on grounds of unfair prejudice and irrelevance. Relying upon *Green v. Bock Laundry Machine Co.*, 490 U.S. 504 (1989) (superseded by 1990 Amendment to Federal Rule of Evidence 609(a)), the trial court ruled that the evidence was admissible, concluding that "Rule 609(a) of the N.H. Rules of Evidence requires a judge to permit impeachment of a witness in a civil case with evidence of prior felony convictions regardless of any resulting prejudice."

The case was tried before a jury in May 2002. The plaintiff preemptively testified to her prior drug conviction in her case in chief. The jury returned a verdict in favor of the defendant, finding fifty-one percent negligence on the part of the plaintiff and forty-nine percent on the part of the defendant.

The plaintiff moved to set aside the verdict and for a new trial, arguing that the verdict was conclusively against the weight of the evidence and that the trial court's evidentiary ruling was erroneous. The trial court denied the motions, ruling in part that the plaintiff waived her right to

challenge the court's pretrial ruling by introducing the conviction evidence during her direct examination. This appeal followed.

The plaintiff argues that the trial court erred in ruling that her prior drug conviction was admissible and that she waived her right to challenge that ruling. Additionally, she argues that the jury verdict was conclusively against the weight of the evidence.

We first address whether the plaintiff is precluded from challenging the trial court's pretrial ruling. The plaintiff asserts that she made a tactical decision to "take the sting out" of her prior conviction by acknowledging it on direct testimony, rather than letting the defendant elicit it on cross-examination and give the appearance she was concealing information. She argues that it is unfair and illogical to infer a waiver of the prior objection when her decision was necessitated by the court's adverse evidentiary ruling.

We will not disturb the findings of the trial court unless they lack evidentiary support or are erroneous as a matter of law. *Olbres v. Hampton Coop. Bank*, 142 N.H. 227, 230 (1997). Legal conclusions, as well as the application of law to fact, are reviewed independently for plain error. *Id.* at 230-31.

In *Ohler v. United States*, 529 U.S. 753, 760 (2000), the United States Supreme Court, in a five-to-four decision, held that "a defendant who preemptively introduces evidence of a prior conviction on direct examination may not on appeal claim that the admission of such evidence was error." Similar to the case at bar, the defendant in *Ohler* testified to her prior conviction after the trial court ruled *in limine* to allow the evidence. *Id.* at 754. The Supreme Court based its decision upon the "well-established commonsense principle" that "a party introducing evidence cannot complain on appeal that the evidence was erroneously admitted." *Id.* at 755-56. The four-justice dissent noted the trial court's *in limine* ruling provoked the defendant's attorney to raise the issue because "lawyers do not set out to impeach their own witnesses, much less their clients." *Id.* at 761 (Souter, J., dissenting).

Because preservation is a procedural issue, we are not bound by the Supreme Court's holding in *Ohler*. We therefore look to our own jurisprudence.

We have held that, in general, a definitive ruling by the trial court on a motion *in limine* sufficiently preserves for appellate review the particular issue presented to the trial court. *State v. Bennett*, 144 N.H. 13, 17 (1999). We concluded that this satisfies the requirement that a party must make a contemporaneous and specific objection at trial to preserve an issue for appellate review, the purpose of which is to afford trial courts the

opportunity to rule on issues and to correct errors before they are presented to the appellate court. *Id.*

■ We have qualified this rule, however, by holding that when a defendant does not testify after a trial court refuses to exclude conviction evidence that may be used for impeachment purposes, the defendant forfeits the right to challenge the trial court's ruling on appeal. *See State v. Atkins*, 145 N.H. 256, 257-58 (2000). Under such circumstances, the defendant's previous convictions are never presented to the jury, and thus the claim of prejudicial error is too speculative for adjudication. *Id.* at 258. Furthermore, we would have no way of knowing whether the defendant's decision not to testify was motivated purely by the trial court's adverse ruling, whether the testimony presented would have required impeachment by the State, and how the trial court ultimately would have ruled after weighing the probative value and prejudicial effects of the evidence in the specific factual context of the trial as it unfolded. *State v. Blackstock*, 147 N.H. 791, 796 (2002). Thus, when the record is devoid of any basis to infer that the defendant was prejudiced by the trial court's rulings, a motion *in limine* ruling will be inadequate to present an issue on appeal. *Id.*

In *Blackstock*, we considered the preservation issue under different circumstances. In that case, the trial court ruled *in limine* that if the defendant opened the door by questioning a certain witness for the State regarding her potential bias, the State would be permitted to introduce otherwise inadmissible evidence. *Id.* at 795. At trial, the defendant chose not to pursue that particular line of questioning and therefore the evidence was never admitted. *Id.* On appeal, we held that the defendant was not precluded from challenging the trial court's ruling because the record provided a sufficient basis for us to determine whether the ruling was sustainable, noting that the defendant had supported his motion *in limine* with an explanation of the line of inquiry he sought to pursue during cross-examination. *Id.* at 797.

■ Similarly, here, the record provides a sufficient basis for us to determine whether the trial court's ruling is sustainable. Further, the circumstances of this case satisfy the general principle that a trial court should be given the opportunity to rule on issues and to correct errors before they are presented to the appellate court. A motion *in limine* affords an opportunity for the trial court to rule on the admissibility of evidence prior to trial and for counsel to devise trial strategy accordingly. *Bennett*, 144 N.H. at 17.

> The introduction by a witness himself, on his direct, of a prior conviction is a common trial tactic, recommended by textwriters on trial practice . . . . [and] has been justified on the ground that it serves a twofold purpose: (a) to bring out the witness' "real character," the whole person, particularly his credibility, and (b) to draw the teeth out of the adversary's probable use of the same evidence on cross-examination.

*United States v. Bad Cob*, 560 F.2d 877, 883 (8th Cir. 1977). "[W]hen a trial court decides to admit prior conviction testimony over a [party's] objection, [that party] is left with no choice but to offer the evidence himself so as to lessen the prejudicial impact the evidence would have on the jury." *State v. Gary M.B.*, 661 N.W.2d 435, 441 (Wis. Ct. App. 2003) (quotations omitted). We therefore decline to follow *Ohler* and conclude that when a trial judge makes a definitive pretrial ruling that evidence of a prior conviction is admissible, a party's preemptive introduction of that evidence does not automatically waive the issue for appellate review.

We now turn to the merits of the plaintiff's argument. She argues that the court's refusal to exercise any discretion by balancing the prejudicial effect of the evidence against any probative value was plain error.

We review the trial court's decision to admit the prior conviction under an unsustainable exercise of discretion standard. *See McIntire v. Lee*, 149 N.H. 160, 168 (2003). To show an unsustainable exercise of discretion, the plaintiff must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of her case. *Id.*

The trial court concluded that New Hampshire Rule of Evidence 609 precluded it from conducting a balancing test in civil cases. The rule states, in pertinent part:

> (a) *General rule.* For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he or she was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant. . . .

N.H. R. Ev. 609(a)(1).

Rule 609(a)(1) has generated much controversy regarding the import of the qualifier "to the defendant" and its application in the civil context. Some courts have taken the position that the balancing test of Rule 609(a)(1) applies to all witnesses in both criminal and civil proceedings.

*See, e.g., Howard v. Gonzales*, 658 F.2d 352, 358-59 (5th Cir. 1981). Others have held that 609(a)(1) evidence is always subject to possible exclusion under Rule of Evidence 403. *See, e.g., Lenz v. Chalamidas*, 782 P.2d 85, 89 (N.M. 1989). Still others have construed the rule to preempt any balancing by the trial court in civil cases, thus requiring that prior convictions offered for impeachment be automatically admitted against civil litigants. *See, e.g., Diggs v. Lyons*, 741 F.2d 577, 582 (3d Cir. 1984), *cert. denied*, 471 U.S. 1078 (1985).

In *Green v. Bock Laundry Machine Co.*, the United States Supreme Court resolved this issue with respect to former Federal Rule of Evidence 609(a)(1), which was identical to the current New Hampshire rule. The Supreme Court held that former Federal Rule of Evidence 609(a)(1) "require[d] a judge to permit impeachment of a civil witness with evidence of prior felony convictions regardless of ensuant unfair prejudice to the witness or the party offering the testimony." *Green*, 490 U.S. at 527. Rejecting an interpretation "that would deny a civil plaintiff the same right to impeach an adversary's testimony that it grants to a civil defendant," the Court concluded that the rule was ambiguous with respect to civil cases. *Id.* at 508-09, 510. The Court then undertook an exhaustive review of the rule's legislative history, *see id.* at 511-24, to conclude that the drafters intended that the rule's balancing test protect only criminal defendants, *id.* at 523-24. The Court further ruled that evidence sought to be admitted under Rule 609(a)(1) in the civil context was not subject to the balancing test of Federal Rule of Evidence 403. *Id.* at 526.

We note that *Green* involved an interpretation of Federal Rule of Evidence 609(a)(1), and thus is not binding on our interpretation of New Hampshire Rule of Evidence 609(a)(1). "While decisions of federal courts involving the Federal Rules of Evidence may be helpful in analyzing problems and issues that arise under [the New Hampshire Rules of Evidence], the New Hampshire Supreme Court shall be the final interpreter of these rules." N.H. R. Ev. 102.

■ By its terms, Rule 609(a)(1) is unclear as to whether its balancing provision applies to prior conviction evidence in civil cases. Because interpreting the word "defendant" in Rule 609(a)(1) to mean "criminal defendant" does the "least violence to the text," *Green*, 490 U.S. at 529 (Scalia, J., concurring), we conclude that the rule's balancing test only protects an accused in a criminal case. Logic supports this conclusion, as there are valid reasons for giving an accused the benefit of the more exclusionary balancing test of Rule 609(a)(1) over that of Rule 403. *Compare* N.H. R. Ev. 609(a)(1) (trial court shall admit felony convictions only if it "determines that the probative value of admitting this evidence

outweighs its prejudicial effect to the defendant"), *with* N.H. R. EV. 403 (trial court has discretion to exclude evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury"). "[T]he danger that prior convictions will be misused as character evidence is particularly acute when the [criminal] defendant is impeached. . . ." 4 J. WEINSTEIN & M. BERGER, WEINSTEIN'S FEDERAL EVIDENCE § 609App.03[2] (J. McLaughlin ed., 2d ed., 2003). Our conclusion is also consistent with our Rule's common law antecedent. *See State v. Cote,* 108 N.H. 290, 297 (1967) ("prior convictions have an inherent prejudicial effect and are admitted to impeach the [criminal] defendant's credibility only because the possibility of prejudice resulting from their introduction in evidence is thought to be outweighed by the legitimate purpose served by it"), *cert. denied,* 390 U.S. 1025 (1968).

■ We disagree with *Green,* however, that Rule 609(a)(1) precludes a trial court from employing the balancing test of Rule 403 to conviction evidence used for impeachment in civil cases. "Rule 403 is a rule of exclusion that cuts across the rules of evidence," *Czajka v. Hickman,* 703 F.2d 317, 319 (8th Cir. 1983) (quotation omitted), providing for judicial discretion in excluding prejudicial evidence. It was "designed as a guide for the handling of situations for which no specific rules have been formulated." *United States v. Kiendra,* 663 F.2d 349, 354 (1st Cir. 1981) (quoting Advisory Committee Notes to Federal Rule of Evidence 403). As we have already concluded, the balancing test of Rule 609(a)(1) applies only to criminal defendants. It therefore carves out an exception, by providing a more exclusionary rule than the general balancing test of Rule 403, for conviction evidence used for impeachment in criminal cases. We interpret the rule's silence with respect to the civil context to mean that Rule 403 gives the trial court discretion, in a civil case, to exclude evidence of a witness's prior conviction as prejudicial.

Precluding a trial court from weighing the prejudicial effect of the evidence against its probative value pursuant to Rule 403 would depart from the purpose and construction of the rules of evidence, which recognize "flexibility as [the] theme" and which "prefer the pursuit of general normative goals to the strict construction of inflexible, technical rules." N.H. R. EV. 102 Reporter's Notes. Certain conviction evidence offers little relevance to a witness's credibility. *See Diggs,* 741 F.2d at 582 (holding that, under Federal Rule 609(a)(1), judges have no discretion in admitting evidence of felony convictions in civil cases, despite sometimes "bizarre results"). The mandatory admission of all felony convictions for the purpose of impeachment in civil cases would lead to a potentially

unjust result, which the rules seek to avoid. *See* N.H. R. Ev. 102 (the rules shall be construed such that "proceedings [are] justly determined").

We find further support for this conclusion in the Reporter's Notes to New Hampshire Rule of Evidence 609(a)(1), which specifically reference Rule 403, noting that the latter "already provides for the exclusion of any evidence if the trial judge determines that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." N.H. R. Ev. 609 Reporter's Notes (quotation and ellipsis omitted). Although not dispositive on this issue, the reference suggests that the less exclusionary balancing test of Rule 403 applies in situations when the balancing test set forth in Rule 609(a)(1) does not, *e.g.*, in the civil context.

■ Accordingly, we hold that the trial court's failure to exercise discretion — by not engaging in the weighing process of Rule 403 in ruling that the plaintiff's prior drug conviction was admissible — constituted error. We therefore consider the probative value of the evidence against the potential for prejudice to determine if the trial court erred in admitting the conviction.

A conviction for drug possession alone is not necessarily relevant to credibility and is potentially prejudicial in arousing sentiment against a party-witness. *Wilson v. Union Pacific R. Co.*, 56 F.3d 1226, 1231 (10th Cir. 1995). Factors to consider in balancing a conviction's probative value against its prejudicial effect include the impeachment value of the prior conviction, the date of the conviction and the witness's subsequent history, the degree of similarity between the past crime and any conduct of the witness currently at issue, the importance of the witness's testimony, and the centrality of the credibility issue. 4 WEINSTEIN & BERGER, *supra* § 609.05[2]. "Evidence is unfairly prejudicial if its primary purpose or effect is to appeal to a jury's sympathies, arouse its sense of horror, provoke its instinct to punish, or trigger other mainsprings of human action that may cause a jury to base its decision on something other than the established propositions in the case." *State v. Pelkey*, 145 N.H. 133, 136 (2000) (quotation omitted).

■ Applying these principles, we conclude that any relevance the plaintiff's drug conviction may have had as to her credibility was substantially outweighed by the danger of unfair prejudice. The conviction was almost ten years old, almost falling within the ten-year presumptive bar of Rule 609(b). It was for an offense that had minimal bearing on the likelihood that the plaintiff would testify truthfully. Moreover, it could have caused the jury to base its verdict on disapproval of the plaintiff. We therefore conclude that the evidence of the plaintiff's prior conviction could

easily have confused and misled the jury, distracting it from its task of deciding the issues at hand. Accordingly, we reverse the trial court's ruling on the admissibility of the plaintiff's prior drug conviction and remand for a new trial. In light of our holding, we need not address the plaintiff's remaining argument.

*Reversed and remanded.*

BROCK, C.J., and NADEAU, DALIANIS and DUGGAN, JJ., concurred.