Merrimack
No. 2004-442

THE STATE OF NEW HAMPSHIRE

v.

DONALD S. MCGILL

Argued: May 18, 2006
Opinion Issued: August 1, 2006

*Kelly A. Ayotte*, attorney general (*Susan P. McGinnis*, assistant attorney general, on the brief and orally), for the State.

*Getman, Stacey, Schulthess & Steere, P.A.*, of Bedford (*Andrew R. Schulman* on the brief and orally), for the defendant.

GALWAY, J. The defendant, Donald S. McGill, appeals a ruling of the Superior Court (*Lynn*, C.J.) barring him from impeaching a witness, Franklin McGill, with a prior felony conviction and with testimony regarding his mental health. We reverse and remand.

The record supports the following facts. On July 25, 2003, the defendant was with his adult nephew, Franklin McGill (the witness). The two were drinking beer in the defendant's trailer and each had consumed enough to feel the alcohol's effect when they began to argue. Although it is unclear who initiated either the argument or the ensuing physical violence, it is undisputed that the defendant struck the witness several times with a machete.

The defendant was indicted for first-degree assault, RSA 631:1 (1996). He filed a notice of self-defense. Before trial, the defendant moved for permission to impeach the witness with his Massachusetts felony convictions for assault and battery in 1998 and larceny in 2000. He argued that, under New Hampshire Rule of Evidence 609(a), these convictions were admissible because both offenses were punishable by more than one year in prison. The court permitted the defendant to impeach the witness with the larceny conviction. The trial court excluded the assault conviction, however, stating that it had "minimal, if any, probative value on the issue of the witness' credibility," and that its admission "would tend to confuse the issues; particularly where it [had] been offered only on the issue of credibility." Therefore, the court concluded, "even if it would survive admission under Rule 609, it should be excluded under [New Hampshire Rule of Evidence] 403, because its prejudicial value, its potential to confuse the issues [was] very great, particularly given the nature of the charge here."

At trial, after the defendant elicited testimony about the amount of alcohol that the witness had consumed on the date of the incident, the following exchange occurred:

Q: And were you taking any medication that day?
A: No.
Q: Were you prescribed any medication?
A: I was prescribed medication but I stopped taking my medication weeks and weeks before that happened.
Q: And why did you stop taking it?

The State objected based upon relevance. The defendant argued that the witness had been diagnosed with elements of bipolar disorder and had several medications prescribed for that disorder. The witness was not taking his medication at the time in question, and thus the cross-examination was relevant to his state of mind and ability to perceive the relevant events. The trial court sustained the objection, concluding that the questioning had no relevance. The jury found the defendant guilty and this appeal followed.

On appeal, the defendant asserts two arguments. First, he argues that the trial court erred in excluding the witness's prior conviction for assault and battery. He contends that the plain language of Rule 609(a)(1) makes the evidence admissible unless its probative value is outweighed by the prejudice *to the defendant*. Thus, the court erred by applying Rule 403 in addition to Rule 609(a)(1) to determine admissibility. The defendant's second argument is that, by limiting his cross-examination of the witness regarding the witness's mental health and failure to take medication, the trial court violated the Confrontation Clauses of the Sixth Amendment to the United States Constitution and Part I, Article 15 of the New Hampshire Constitution.

To the defendant's first argument, the State responds that the balancing test in Rule 609(a)(1) does not apply when a prior conviction is offered to impeach any witness other than the defendant; thus, the trial court properly excluded the witness's assault conviction under Rule 403. To the second argument, the State responds that the trial court properly limited the scope of cross-examination by allowing a threshold level of inquiry into the witness's mental health, and then determining that the witness's failure to take medication was irrelevant.

*I. Rule 609(a)(1)*

██ We first address whether the trial court erred in applying Rule 403 in determining the admissibility of the witness's prior assault conviction for impeachment purposes. We review a trial court's ruling to admit evidence of prior convictions under an unsustainable exercise of discretion standard. *Zola v. Kelly*, 149 N.H. 648, 652 (2003). To show an unsustainable exercise of discretion, the defendant must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case. *Id.*

Rule 609(a) provides:

> *General rule.* For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he or she was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

N.H. R. Ev. 609(a). Rule 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the

danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." N.H. R. Ev. 403.

We reviewed the relationship between Rule 609(a) and Rule 403 in *Zola v. Kelly*, 149 N.H. at 654. There, we stated that Rule 403 is an exclusionary rule that "cuts across the rules of evidence" and was "designed as a guide for the handling of situations for which no specific rules have been formulated." *Id.* We interpreted Rule 609(a)(1) as carving out an exception to the general balancing test of Rule 403 by providing a more exclusionary rule than Rule 403 for the impeachment of witnesses by prior conviction in criminal cases. *Id.* Because Rule 609(a)(1) contains a specific exclusionary rule, when Rule 609(a)(1) applies, Rule 403 does not. *See id.* at 655 (interpreting reporter's note to Rule 609(a) as suggesting that "the less exclusionary balancing test of Rule 403 applies in situations when the balancing test set forth in Rule 609(a)(1) does not").

■ The plain language of Rule 609(a) states that the purpose of the rule is for "attacking the credibility of a witness." The Rule does not limit the definition of the term "witness" to exclude a witness for the State. The operation of Rule 609(a)(1) is clear from its wording: when impeaching a *witness* with a prior conviction punishable by death or imprisonment in excess of one year, the evidence of the conviction *shall* be admitted if the court determines that the probative value of admitting the evidence outweighs its prejudicial effect to the *defendant*.

■ In the instant case, Rule 609(a)(1) applied. The defendant attempted to impeach the State's witness with a prior conviction of a crime that was punishable by death or imprisonment for more than one year. The trial court thus erred in applying Rule 403 because Rule 609(a)(1) applied. The trial court was required to admit evidence of the prior conviction if its probative value outweighed its prejudicial effect to the defendant. *See In the Matter of Bazemore & Jack*, 153 N.H. 351, 354, (2006) (stating the general rule of statutory construction that "shall" requires mandatory action and "may" is permissive). Accordingly, we conclude that the trial court's application of Rule 403's balancing test constituted an unsustainable exercise of discretion. The State does not argue that the trial court's error was harmless. Thus, we reverse and remand.

*II. Right to Cross-Examine*

The defendant next argues that the trial court should have permitted him to further cross-examine the witness with respect to his diagnosis of bipolar disorder and his failure to take medication for that disorder at the time of the incident. Because this issue is likely to arise at any retrial, we

will address it. We first address it under the State Constitution, *State v. Ball*, 124 N.H. 226, 231 (1983), and cite federal opinions for guidance only. *Id.* at 232-33.

Although a criminal defendant has a fundamental right to cross-examine prosecution witnesses, that right is not unfettered. *State v. Spaulding*, 147 N.H. 583, 588 (2002). Trial courts have broad discretion to fix the limits of proper areas of cross-examination, including attacks upon a witness's credibility. *State v. Fichera*, 153 N.H. 588, 599 (2006). The trial court, however, may not completely deny a defendant the right to cross-examine a witness on a proper matter of inquiry and must permit sufficient cross-examination to satisfy a constitutional threshold. *Id.* "Once a defendant has been permitted a threshold level of inquiry ... the constitutional standard is satisfied, and the judge's limitation of cross-examination thereafter is measured against an unsustainable exercise of discretion standard." *Id.* We recently held in *Fichera* that a trial court does not violate this constitutional protection by prohibiting cross-examination of a witness regarding his mental health when the examining party is unable to show that the mental impairment affected the witness's perception of the events to which he is testifying:

> To be relevant, the cross-examination must evidence an impairment of the witness's ability to comprehend, know, and correctly relate the truth. ... The general principle is that a diagnosis of schizophrenia or a psychosis will be relevant, unless the diagnosis is too remote in time from the events alleged in the indictment. For witnesses whose mental history is less severe, trial courts are permitted greater latitude in excluding records and limiting cross-examination.

*Id.* at 600 (citations and quotations omitted). The reasoning behind this principle is that mental instability is only relevant to credibility when, during the time of the events in question, the witness exhibited a disposition to lie or hallucinate, or suffered from a severe mental illness that dramatically impaired his ability to perceive and tell the truth. *Id.*

In *Fichera*, the defendant attempted to cross-examine the victim regarding her alleged bipolar disorder. The State objected and the defendant argued that cross-examination would be relevant to her credibility and perception of reality, but offered no proof that her condition caused her to lie or hallucinate or otherwise affected her perception of the events to which she testified. *Id.* at 600-01. The trial court sustained the objection and we affirmed due to the defendant's lack of proof. *Id.* at 601.

■ The instant case is similar to *Fichera*. The defendant attempted to impeach the witness's credibility based upon the witness's bipolar disorder. After the State objected, the defendant failed to make an offer of proof that the witness's disorder caused him to lie or hallucinate or that the disorder otherwise affected his perception of the events in question. Accordingly, the trial court had discretion to prohibit further cross-examination on the issue of the witness's mental condition. We cannot conclude, therefore, that the trial court's limitation on cross-examination was an unsustainable exercise of discretion.

The Federal Constitution offers the defendant no greater protection than does the State Constitution under these circumstances. *Id.; see also United States v. Jimenez*, 256 F.3d 330, 342-44 (5th Cir. 2001). Accordingly, we reach the same result under the Federal Constitution as we do under the State Constitution.

*Reversed and remanded.*

DALIANIS, DUGGAN and HICKS, JJ., concurred.