# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0052, <u>State of New Hampshire v. Dennis J. Allen</u>, the court on May 6, 2022, issued the following order:**

Having considered the brief, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendant, Dennis J. Allen, appeals his conviction, following a bench trial, of resisting arrest. <u>See</u> RSA 642:2 (2016). He argues that the Circuit Court (<u>Hall</u>, J.) erred by excluding evidence relevant to the arresting officer's bias and motive to fabricate or exaggerate. We affirm.

As an initial matter, we note that the defendant did not raise a constitutional claim in the trial court. Accordingly, to the extent that he seeks to raise a constitutional issue on appeal, we conclude that it is not preserved. <u>See</u> <u>State v. Winstead</u>, 150 N.H. 244, 246 (2003).

Trial courts have broad discretion to limit attacks upon a witness's credibility. <u>State v. McGill</u>, 153 N.H. 813, 817 (2006). We review the trial court's rulings under our unsustainable exercise of discretion standard. <u>Id</u>. Under this standard, the defendant must show that the court's ruling was clearly untenable or unreasonable to the prejudice of his case. <u>Id</u>. at 815.

The defendant first argues that the trial court erred in excluding evidence relevant to the arresting officer's alleged bias against him. At trial, defense counsel questioned the complaining witness as to whether the officer contacted her after the defendant's arrest, following the witness's allegations against him. When she responded affirmatively, counsel then asked her whether the officer "was essentially telling [her] that [she] should break up with" the defendant. In response to the prosecutor's objection, defense counsel stated that the evidence was relevant to the officer's bias because it showed that the officer disliked the defendant for reasons "beyond the simple facts of this particular case." On appeal, the defendant argues that "[e]vidence that [the officer] harbored bias towards [the defendant] even before the events of the arrest was relevant to the credibility of his testimony." However, defense counsel was asking the witness about her communications with the officer after her incident report, not before. If the officer made such a statement after her report, any alleged bias could have been informed by the officer's interaction with the defendant and his investigation of the witness's complaint. Because these facts fall squarely within the "simple facts of this particular case," the trial court reasonably could have found them not relevant to a pre-existing bias which might have infected

the credibility of the officer's testimony. Accordingly, we cannot conclude that the trial court unsustainably exercised its discretion in excluding the testimony. See McGill, 153 N.H. at 817.

The defendant next argues that the trial court erred in excluding evidence of the defendant's injuries from the arrest. After the defendant testified regarding the injuries, defense counsel asked him whether he had taken any photographs of them. The prosecutor objected, stating that the photographs had not been provided in discovery. Without resolving the discovery issue, the trial court asked defense counsel to explain the relevance of the photographs. Defense counsel explained that they were relevant to the officer's motive to exaggerate the degree to which the defendant resisted arrest and to "deemphasize" his own conduct. Defense counsel stated that the photographs would show proof of "scrapes on [the defendant's] knees," a "scrape on his head," and "some bruises up and down on his arms."

On appeal, the defendant argues that the photographs "would have provided compelling evidence of the extent of [the defendant's] injuries and how apparent they would have been to [the officer]." The defendant argues that "[t]he fact of [the defendant's] injuries may have caused [the officer] concern about his employment or about civil liability." Thus, he argues, the photographs were relevant to the officer's "motive to fabricate or exaggerate his allegations against [the defendant]."

As previously noted, we afford the trial court broad discretion in limiting attacks upon a witness's credibility. Id. In this case, the defendant testified that he sustained injuries from the arrest, including a "busted up, bloody" knee. In addition, the officer acknowledged that the defendant complained that he was in a significant amount of pain after the arrest, and that, under his department's policies, an officer could be disciplined for excessive use of force. The prosecutor objected to further questioning of the officer regarding this topic, noting that there had been no evidence of the filing of an excessive use of force claim. In response, the trial court stated that defense counsel had asked "a few of those questions" regarding excessive use of force, and that the court had "heard [the officer's] testimony about that." The court then noted that the cross-examination was "getting a little far afield," and allowed "one additional question" regarding the officer's "motivation relative to the arrest." However, defense counsel chose to "move on" without objection, noting that "[t]he Court has got the sense of it."

Given the trial court's decision to allow further cross-examination of the arresting officer regarding his motivation to exaggerate the defendant's conduct, the defendant's testimony substantially describing the injuries, and

the officer's acknowledgment of the defendant's complaints of pain at the time of the arrest, we cannot conclude that the trial court's decision to exclude the photographs was clearly untenable or unreasonable to the prejudice of the defendant's case.  See id. at 815.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**<br>**Clerk**