## FOLSOM *v.* BLOOD.

The record of a judgment of a foreign state is inadmissible in evidence, unless accompanied by a certificate of a judge that the clerk's attestation of said record is in due form, according to the act of Congress, 1 U. S. Stat. 122.

DEBT, by Orrin Folsom against Charles A. Blood, on judgment rendered in court of common pleas, Massachusetts. The plaintiff offered in evidence a full copy of the record of the proceedings upon which said judgment was founded, and of said judgment with the following attestation:

"All which premises we have held good by the tenor of these presents to be exemplified. In testimony whereof we have caused the seal of our superior court to be affixed.

{ L. S. } "Witness, Lincoln F. Brigham, Esquire, chief justice of the superior court within and for the county and commonwealth aforesaid (the said court of common pleas having been

abolished by act of the legislature of said commonwealth, and the said superior court having been established in place thereof), at Cambridge, this tenth day of February, in the year of our Lord one thousand eight hundred and seventy-three.

" JNO. JAS. SAWYER, <i>Asst. Clerk.</i>"

The court reserved for the consideration of the full bench the question whether or not the evidence was admissible; with the provision that, if it should be deemed incompetent, the plaintiff should become nonsuit.

*Knapp,* for the plaintiff.

*Copeland,* for the defendant.

FOSTER, J.   The records and judicial proceedings of the courts of any state shall be proved or admitted in any other court within the United States, by the attestation of the clerk and the seal of the court annexed, if there be a seal, together with a certificate of the judge, chief justice, or presiding magistrate, as the case may be, that said attestation is in due form."   1 U. S. Stat. 122; Brightley's Dig. 265, sec. 9.

The certificate of such judge or magistrate, being the evidence prescribed by law that due form has been observed in the attestation, is at once indispensable and conclusive.   *Ferguson* v. *Harwood,* 7 Cranch. 408 ;  *Tooker* v. *Thompson,* 3 McLean 93 ;  *Taylor* v. *Carpenter,* 2 W. & M. 4 ;  *Steere* v. *Tenney,* 50 N. H. 461;  *Hutchins* v. *Gerrish,* 52 N. H. 205.

The record offered in evidence was clearly inadmissible for want of such certificate, and therefore, by the provisions of the case, the plaintiff must become                                   *Nonsuit.*