Merrimack
No. 84-442

## The State of New Hampshire

v.

## Judy Maya

February 27, 1986

*Stephen E. Merrill,* attorney general (*Andrew L. Isaac,* assistant attorney general, on the brief), by brief for the State.

*James E. Duggan,* appellate defender, of Concord, by brief for the defendant.

JOHNSON, J. The defendant appeals her jury conviction on charges of perjury, RSA 641:1, stemming from testimony at her son's trial for burglary. For the reasons set forth below, we affirm.

On August 5, 1983, the defendant's son, Michael Maya, was arrested and charged with burglarizing Dexter's Jewelers in New London. At that time, a small gold signet ring was found to be in his possession. The present defendant testified during her son's trial that he had not stolen the ring and that it was actually his own ring.

The defendant's testimony included claiming to have seen the distinctive ring in 1981 in California while packing her son's belongings to move to Vermont. She asserts that she handled and examined the ring again in Vermont in 1982 when Michael discussed sending it to a girl in California. She also testified that she saw Michael wearing the ring on a chain around his neck from time to time. She told the court that Michael had a collection of old jewelry and she identified the ring at trial as the one her son owned.

Based on the testimony given by the defendant at her son's trial, she was charged with perjury. She was found guilty by a jury in superior court and sentenced by the Trial Court (*DiClerico*, J.) to twelve months in the house of correction, with all but seven days suspended.

The defendant moved for a directed verdict at the close of the trial, asserting that the evidence was insufficient to establish the elements of the offense. We disagree.

■ ■ Pursuant to RSA chapter 641, under which the defendant was convicted, the State must prove that while under oath during an official proceeding the defendant made an objectively false statement and that she did "not believe the statement to be true . . . ." RSA 641:1, I(a). At trial, the State bears the burden of proving these three elements beyond a reasonable doubt to gain a perjury conviction. In reviewing the sufficiency of the evidence to sustain this burden, we must "view the evidence and all reasonable inferences therefrom in the light most favorable to the state." *State v. Abbott*, 127 N.H. 444, 447, 503 A.2d 791, 794 (1985).

The owner of Dexter's Jewelers testifed at the defendant's trial that the ring in question was part of the store's inventory at the time of the burglary. There was also testimony by the original owner of the ring, Mary Drexler, that her maiden name initials were engraved on the ring, which she had owned for 68 years. She testified that she had brought the ring to Dexter's Jewelers in June 1983, in exchange for other services she received.

The defendant concedes that Mary Drexler's testimony at the defendant's trial "proved convincingly that Judy Maya's statements were objectively false." Moreover, there is no dispute that her testimony during her son's trial was part of an official proceeding. However, the defendant argues that this testimony, along with that

of the store owner, was insufficient to prove beyond a reasonable doubt that the defendant did not believe her statements to be true. RSA 641:1, I(a).

■ Proof of the objective falsity of the defendant's statements cannot alone suffice to prove the subjective element. If the defendant honestly believed that her statements were true, but in fact they were false, the State would have failed to prove the defendant's guilt. *See* MODEL PENAL CODE § 241.1 and commentary at 114–15 (1980). It is clear, however, that the objective falsity of the defendant's statements is an element to be considered by the jury in determining the subjective state of mind of the defendant. *State v. Boratto*, 80 N.J. 506, 515, 404 A.2d 604, 608 (1979); *United States v. Sweig*, 441 F.2d 114, 117 (2nd Cir. 1971).

■ Although the State did not present direct evidence of the defendant's subjective knowledge at the trial, there was circumstantial evidence that the defendant was aware that her statements were, in fact, false. As we have previously stated, "[a]s long as the evidence establishes guilt beyond a reasonable doubt, . . . perjury may be established entirely by circumstantial evidence." *State v. Sands*, 123 N.H. 570, 591, 467 A.2d 202, 214 (1983) (citations omitted).

The jury in this case was faced with directly conflicting testimony as to the whereabouts of the Drexler ring for several years prior to the burglary. Faced with this conflicting testimony, the jury chose to believe Mary Drexler. *See State v. Sliz*, 124 N.H. 389, 391, 469 A.2d 1357, 1359 (1983). The jury could reasonably infer, having decided to disbelieve the defendant, that she did not believe her statement[s] to be true as they related to her son's possession of the ring prior to the burglary. *See* RSA 641:1, I(a).

Given both the frequency with which the defendant claimed to have seen the ring in her son's possession and her unqualified identification of the ring as her son's, the jury was effectively precluded by the defendant's own testimony from finding that she was merely mistaken in her testimony. In addition, a distinct motive for falsifying her testimony existed. The most rational inference to be drawn, once the jury chose to believe Mary Drexler and disbelieve the defendant, was that the defendant had knowingly given false testimony in an effort to assist her son's defense. Thus, the State was able to prove her state of mind by rational inferences from circumstantial evidence.

■ Based on the foregoing evidence and the reasonable inferences drawn therefrom, we conclude that the jury could have found

beyond a reasonable doubt that the defendant perjured herself through her testimony at her son's trial.

*Affirmed.*

All concurred.