Peter Speers, III, Dist. Atty., Kathleen Hamilton, Asst. Dist. Atty., Conroe, for state.

**Paul M. VINCENT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–91–040 CR.**

Court of Appeals of Texas, Beaumont.

Oct. 9, 1991.

As Corrected Oct. 10, 1991.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

OPINION

BROOKSHIRE, Justice.

Appellant was adjudged guilty of the offense of aggravated sexual assault. The sentence was 18 years confinement in the State Department of Corrections. On February 8, 1991, in the 284th Judicial District Court of Montgomery County, the Appellant's Motion for Appointment of Counsel on Appeal was denied. This appeal followed.

Appellant urges a sole "ground of error". This alleged error has two parts. Appellant maintains that the trial court erred in denying the Appellant's motion for the appointment of counsel on appeal. The second part of the alleged error is to the effect that the court erred in failing to allow the Appellant to obtain the record without cost to him for appellate purposes as an indigent and, thereby, to waived this cost insofar as the Appellant's payment thereof is concerned. The trial court after a hearing found the Appellant was not indigent.

At the threshold we recognize that there is no duty or responsibility on the trial judge to appoint an appellate counsel unless and until the accused shows that he is indigent. TEX.CODE CRIM.PROC.ANN. art. 26.04 (Vernon 1989) delineates the elements and parameters to be employed by the trial court in ascertaining when the trial court should appoint counsel for an indigent defendant, and should also order the preparation of the record for appellate purposes without any cost to the indigent accused. The district court conducted a hearing pursuant to Art. 26.04. The trial court, after a full hearing, determined that the defendant, Appellant herein, was not indigent. Therefore, no counsel for appeal was appointed in the Appellant's behalf; nor was a record ordered to be prepared and completed without any cost to the Appellant.

To contravene the Appellant's "ground of error", the State takes the position that the trial court below found that the Appellant had employed trial counsel and had paid this trial counselor between $2,000 and $2,500; that the Appellant was able to post a bond pending trial in connection with the alleged offense; that the Appellant was employed at the time of the trial making $7.00 per hour or approximately that amount; that subsequent to his conviction the Appellant gave a Suzuki Jeep worth about $2,800 or more (the $2,800 was the "blue book" value of the Jeep) to his sister; that from about January 1, 1985, until about March of 1990 the Appellant was buying property from his sister under what was termed a "contract of deed" or "contract for deed"; that this property was sold in March of 1990 for an amount of money somewhere between $44,000 and $56,000; that the Appellant supported no one other than himself; that the Appellant lived alone.

█ The trial judge is under no duty to appoint counsel for appeal where the defendant has made no showing of actual indigency. *Gray v. Robinson,* 744 S.W.2d 604 (Tex.Crim.App.1988); *Harriel v. State,* 572 S.W.2d 535 (Tex.Crim.App.1978).

Article 26.04(b) sets out certain criteria which the trial court should and shall consider in determining whether a defendant charged with a felony punishable by imprisonment is indigent. A partial list of the factors are: the defendant's income; his source of income; property owned; outstanding obligations; necessary expenses; the number and ages of dependents, if any; spousal income, if any; and whether the defendant has posted or has been capable of posting bail. The State argues that the trial court correctly considered the factors mandated by Art. 26.04(b).

In fact, the State specifically argues and maintains that the Appellant had actually retained an attorney, as his counsel at the inception of the case. Appellant swore that he paid that attorney between $2,000 and $2,500. There was a parting of the ways, however, and another attorney actually represented the Appellant on the trial on the merits below. The State argues that the gift made by Appellant to his sister of the 1987 Suzuki Jeep and his additional gifts to his sister of all of his personal holdings and personal property such as sofas, chairs, furniture and other things or assets of that nature tended to show that the Appellant was not indigent. These gifts were made and delivered to Appellant's sister after the Appellant's conviction on a charge of aggravated sexual assault.

Further, the State avers that the Appellant actually admitted that he had been buying some valuable real estate under contract of deed from his sister. The real estate was located at 25 Artesia Street. Appellant had lived there from January 1, 1985, until March of 1990. Appellant had made monthly payments on those premises at the rate of $700 per month for the months and years involved until about June 1989. After his conviction he gave the property to his sister and very shortly thereafter (after the gift to his sister), the property and premises were sold for a figure admittedly between $44,000 and $56,-000. These figures were admitted by Appellant.

The trial court found, or at the very least, impliedly found and determined that the Appellant had intentionally disposed of

all of his various assets and properties after his conviction to bring about his own indigency. In theory, these acts and gifts may have made him indigent, but in view of the intentional disposition of his real estate, Jeep and other personal property, including furniture; then, under the totality of the circumstances, he simply did not merit a court-appointed appellate counsel or a free record because his indigency was self-inflicted. Impliedly, the trial court so concluded.

Appellant admitted he owned a Suzuki Jeep. The Appellant agreed that it had a "blue book" value and testified that it had a "blue book" value of approximately $2,800. Vincent then explained that he owed to his sister the sum of $6,000 or more. There was, however, no lien on the Jeep.

The testimony before the trial judge demonstrates that the note payment installments of nearly $700 per month were made on the real property in question from January of 1985 through about June of 1989. At that time the Appellant stated that something happened in June of 1989 that brought about a split-up between the Appellant and a couple of the State's witnesses who were later involved in the proceeding against him. The witnesses moved from the premises. Appellant stated his income simply did not justify the Appellant in keeping the real property any more; he gave same to his sister. However, the Appellant did occupy the property from June of 1989 until March of 1990. Those monthly installment notes between June of 1989 and March of 1990 were not paid. Query: Where were the eight or nine monthly installment payments of $700 each applied?

The trial court stated that in its belief and conclusion that there had been an intentional disposition of all the property or virtually all the property of the Appellant. And further, many of these dispositions were subsequent to the conviction of Appellant. Hence, the court found that Vincent did not fall into the category of being entitled to a court-appointed counselor for appeal. The court then denied Appellant's motion for a court-appointed counselor for the appeal, and also denied the motion for a free record.

We conclude that the evidence presented at the indigency hearing supports and sustains the trial court ruling that denied Appellant's motion for a court-appointed counselor and also the Appellant's motion for a free record. Additionally, Appellant failed to comply with the relevant, governing provisions of TEX.CODE CRIM.PROC.ANN. art. 26.-04.

AFFIRMED.

BURGESS, Justice, concurring.

I reluctantly concur. I concur because the trial court and the majority discusses and perhaps relies upon certain facts which have no legal relevance. The determination of indigency for appellate purposes should be based upon a defendant's financial condition at the time of appeal, not at the time of trial. *Castillo v. State*, 595 S.W.2d 552 (Tex.Crim.App.1980). Therefore all those matters that occurred well before the trial have absolutely no relevance. However, because defendant's conduct between trial and the indigency hearing is relevant, the trial court could have properly denied appellant's motion based solely upon appellant's divesting himself of his automobile and furniture. Consequently, even if the trial court erroneously considered some matters there remains grounds upon which to uphold the trial court's decision. *See Cardona v. Marshall*, 635 S.W.2d 741 (Tex.Crim.App.1982).

My concurrence is reluctant based solely on the fact that appellant had a court appointed trial counsel and there is nothing in the record to show that any of the circumstances changed from the time the court determined that indigency to the time of appeal. *See Snoke v. State*, 780 S.W.2d 210 (Tex.Crim.App.1989). Nor is there anything in our record to show that the defendant at the time of the trial indigency hearing (I assume there was one) mislead the court. There should be a uniform standard. If a defendant is entitled to court appointed trial counsel and nothing has

changed, then he should be entitled to court appointed appellate counsel. There is nothing in our record to indicate the trial court didn't know as much about the defendant on December 13, 1990, when trial counsel was appointed as on February 8, 1991, when appellate counsel was denied.

This concern causes reluctance; however, not enough to merit a dissent.