Rockingham
No. 96-175

THE STATE OF NEW HAMPSHIRE

v.

GEORGE M. ATKINS, III

December 29, 1998

*Philip T. McLaughlin*, attorney general (*Mary P. Castelli*, assistant attorney general, on the brief and orally), for the State.

*James E. Duggan*, chief appellate defender, of Concord, by brief and orally, for the defendant.

JOHNSON, J. The defendant, George M. Atkins, III, was denied court-appointed appellate counsel under RSA 604-A:2 (1986 & Supp. 1998). He challenges whether his wife's income and assets should be included in the determination of financial need. We now set forth the instances when a spouse's assets and income may be taken into account in determining financial need, and order the office of cost containment, *see* RSA 21-I:7-b (Supp. 1998), to review the defendant's request for court-appointed counsel in light of this opinion.

The defendant, formerly a pharmacist, was charged with falsifying a physician's prescription and applied to the superior court for court-appointed counsel. With the application, the defendant filed a financial affidavit listing $100 in cash as available money, several hundred dollars worth of stocks, bonds, certificates of deposit or trust assets, a monthly income of approximately $950, and approximately $800 of monthly expenses. The defendant left blank all spaces on the preprinted affidavit that asked for his spouse's assets or income.

The defendant's application was initially approved. The State moved to vacate the appointment of counsel, however, because the defendant failed to disclose his wife's financial information on the affidavit. The defendant then filed a second application and affidavit listing his wife's income and available funds. The affidavit explained, however, that the defendant and his wife "have maintained [their] finances separately since [their] marriage" and that the defendant's wife had informed him that "she will not pay for [his] attorney." The defendant's second application was denied.

On May 16, 1995, the grand jury indicted the defendant on a number of perjury and unsworn falsification charges related to alleged false statements made in the financial affidavits filed with the superior court. Following his conviction in Superior Court (*Coffey*, J.) on one charge of perjury, *see* RSA 641:1 (1996), and seven charges of unsworn falsification, *see* RSA 641:3 (1996), where he was represented by private counsel, the defendant appealed.

The defendant applied for court-appointed counsel on appeal and requested a hearing before this court to determine whether his

wife's income and assets should be considered in the determination of his financial need. We granted the motion for hearing in part and requested that the parties brief only the single issue presented therein. After oral argument, we ordered the defendant to file a new application for court-appointed counsel and an updated financial affidavit including information on both the defendant and his wife.

The defendant argues that, as a matter of both statutory interpretation and constitutional mandate, his spouse's income and assets cannot be considered when determining his eligibility for court-appointed counsel. In matters of statutory interpretation, "[t]his court is the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole." *Cheever v. Southern N.H. Regional Med. Ctr.*, 141 N.H. 589, 590-91, 688 A.2d 565, 566-67 (1997) (quotation omitted). We "apply statutes in light of the legislature's intent in enacting them, and . . . the policy sought to be advanced." *South Down Recreation Assoc. v. Moran*, 141 N.H. 484, 487, 686 A.2d 314, 316 (1996) (quotation omitted).

RSA 604-A:2 governs the appointment of counsel for indigent defendants. In *Opinion of the Justices*, 121 N.H. 531, 431 A.2d 144 (1981), we reviewed a proposed amendment to RSA 604-A:2 that would have required the court to appoint counsel for a defendant "only if the court is satisfied that the defendant *and* persons liable for his support under RSA 546-A:2 are financially unable to obtain counsel." *Opinion of the Justices*, 121 N.H. at 534, 431 A.2d at 147 (quotation and ellipses omitted). We indicated that the statute as amended would be unconstitutional because it might "interfere with an indigent's right to counsel during every stage of the criminal proceedings against him." *Id.* at 534-35, 431 A.2d at 147-48 (quotation omitted). We stated that a court could not reject a defendant's request for counsel simply because a person liable for the defendant's support is financially able, but unwilling, to hire counsel. *Id.* at 534, 431 A.2d at 147. We unambiguously stated that in determining eligibility, "the court need inquire only into the *defendant's own financial status.*" *Id.*

This is not to say, however, that the State Constitution mandates that an inquiry into a defendant's ability to obtain counsel be limited to reviewing that defendant's income and assets in a vacuum. A spouse's income and assets may be considered insofar as they may reduce a defendant's other expenses and free more of his income to pay for counsel. *See People v. Whisenand*, 44 Cal. Rptr. 2d 501, 507 (Ct. App. 1995), *cert. denied*, 516 U.S. 1128 (1996); *cf.* RSA 604-A:2-c (Supp. 1998) (for purposes of calculating financial need, defendant's

income is reduced by "amount of expenses which are reasonably necessary for the maintenance of the defendant"). In addition, courts have considered the assets of persons other than the defendant when they find that the defendant transferred assets to such persons in an attempt to qualify for court-appointed counsel. *See Vincent v. State*, 817 S.W.2d 190, 191-92 (Tex. Ct. App. 1991). "[A] defendant's claim of indigency certainly should be rejected when he puts his own assets into his relatives' names and those assets remain at his disposal." *United States v. Rubinson*, 543 F.2d 951, 964 (2d Cir.), *cert. denied*, 429 U.S. 850 (1976).

■ Furthermore, a spouse's assets not only are relevant to ascertain the defendant's reasonable living expenses, but must be considered by the court to determine whether the State is entitled to reimbursement for the cost of court-appointed counsel. In *Opinion of the Justices*, we stated that a court could "order a person who has a statutory duty to support the defendant to obtain counsel for the defendant, enforce its order through its contempt powers, and stay the criminal prosecution pending resolution of the matter," provided that the defendant's right to a speedy trial was not impaired. *Opinion of the Justices*, 121 N.H. at 534-35, 431 A.2d at 147. In apparent response to that opinion, the legislature enacted RSA 604-A:2-a (1986), which provides in part:

> Whenever a court appoints counsel pursuant to the provisions of RSA 604-A:2, the court shall conduct an appropriate inquiry as to whether any person who, pursuant to RSA 546-A:2, is liable for the support of the defendant is financially able to pay for such defendant's counsel. If the court determines that the person liable for support is financially able to pay for said counsel, in whole or in part, the court shall enter an appropriate order requiring said person to reimburse the state for the representation provided.

This provision clearly *requires* the court to inquire into the finances of the defendant's spouse. *See Petition of Mone*, 143 N.H. 128, 136, 719 A.2d 626, 632 (1998) (the term "shall" in a statute makes enforcement mandatory). Indeed, the defendant concedes that the court may consider the assets and income of persons other than the defendant for purposes of *reimbursement*. In this case, the court is required to take any additional steps, consistent with RSA 604-A:2-a and the defendant's wife's statutory duty of support, *see* RSA 546-A:2 (1997); *cf. Opinion of the Justices*, 121 N.H. at 534-35, 431

A.2d at 147, to secure reimbursement for the State for court-appointed counsel.

■ Accordingly, we order the office of cost containment to review the defendant's new application for counsel to determine whether the defendant is eligible for court-appointed appellate counsel. Thereafter, appropriate steps shall be taken, if counsel is appointed, to determine whether the defendant's spouse may be responsible for reimbursing the State.

*So ordered.*

All concurred.