Strafford
No. 97-637

THE STATE OF NEW HAMPSHIRE

v.

CHARLES JACKSON

August 3, 1999

*Philip T. McLaughlin*, attorney general (*Mark S. Zuckerman*, senior assistant attorney general, on the brief and orally), for the State.

*Twomey & Sisti Law Offices*, of Chichester (*Mark L. Sisti* on the brief and orally), for the defendant.

BROCK, C.J. The defendant, Charles Jackson, was convicted after a jury trial in Superior Court (*Fauver*, J.) of aggravated felonious sexual assault for engaging in sexual intercourse with one who was physically helpless to resist. *See* RSA 632-A:2, I(b) (1996). We affirm.

The State sought to prove in this case that the defendant engaged in sexual intercourse with the victim when she was unconscious due to alcohol consumption. To counter the State's theory, the defendant called a witness who testified that shortly before the sexual encounter, the victim was awake and responsive.

On cross-examination, the State elicited that the witness observed the defendant engaging in intercourse with the victim. After the witness answered non-responsively to whether the victim was passed out during the sexual encounter, the prosecutor asked, "Isn't it true that you were point blank asked a direct question in my very office —." Defense counsel objected and at a bench conference asserted that the question had made the prosecutor a witness. The prosecutor explained that the witness had previously told him that the victim was passed out during the encounter, that another person was present at that interview, and that he wanted to impeach with the prior inconsistent statement.

Upon resuming the cross-examination, the prosecutor asked, "Not two months ago in my office did you not come in and talk with me about the case?" Defense counsel again objected, and the court suggested that the prosecutor ask the question indirectly. The prosecutor finally asked whether the witness had ever told "anyone" that the victim was passed out when he saw the defendant having intercourse with her. The witness answered that he "told [the prosecutor] in that office."

On appeal, the defendant argues that the trial court erred in permitting the prosecutor to inject himself into the trial as a witness, and that this error warrants reversal under *State v. Dedrick*, 135 N.H. 502, 607 A.2d 127 (1992).

In *Dedrick*, a defendant in a murder trial claimed self-defense and called a witness who testified that the victim had threatened to kill the defendant. On cross-examination, the prosecutor asked, "When you and I met [previously], you never said anything to me about [the

victim] talking about killing [the defendant], did you?" *Dedrick*, 135 N.H. at 506, 607 A.2d at 130. When the witness answered that he had, the prosecutor asked whether that was his best recollection, and the witness answered that it was. *Id.* We observed:

> The very nature of the prosecutor's questions made the prosecutor, in effect, a witness in the trial. The jury was placed in the position of weighing the credibility of the witness . . . against that of the prosecutor on the critical question of whether [the victim] had earlier indicated an intent to kill the defendant.

*Id.*

Other courts have addressed the propriety of cross-examination similar to that employed in *Dedrick*. *See, e.g., United States v. Gholston*, 10 F.3d 384, 389 (6th Cir. 1993), *cert. denied*, 511 U.S. 1113 (1994). *See generally* B. GERSHMAN, PROSECUTORIAL MISCONDUCT § 9.7(a) (1992). At issue in *Dedrick*, however, was not whether the cross-examination was proper, but whether it opened the door to discovery of the prosecutor's notes of the witness interview. *See Dedrick*, 135 N.H. at 507-08, 607 A.2d at 130-31. Even assuming that the cross-examination in *Dedrick* was improper, we conclude that the prosecutor in this case did not inject himself into these proceedings.

█   Unlike the prosecutor in *Dedrick*, the prosecutor in this case did not directly confront the witness with his own recollection. Further, he indicated to the court that a third party had been present at the witness interview who could have rebutted the witness's answer. *Cf.* 1 AMERICAN BAR ASSOCIATION, STANDARDS FOR CRIMINAL JUSTICE § 3-3.1(f) (2d ed. 1980). More significantly, the witness testified that he indeed made the prior statement. We reject the defendant's contention that this fact is irrelevant. Given the witness's response, the jury in this case was not placed in the position of having to weigh the credibility of the witness against that of the prosecutor.

█   The defendant also argues that during closing arguments the prosecutor committed misconduct in referencing the witness's inconsistent statement, and that he improperly stated that the jury could convict on the basis of that statement alone. We need not address these arguments. The question raised in the defendant's notice of appeal asks whether "the [c]ourt err[ed] in allowing the prosecutor to interject himself into the proceedings during questioning of at least one witness?" While the latter arguments may

involve the same inconsistent statement at issue in the first argument, we find them to be distinct from the issue raised in the notice of appeal. *See State v. Peterson*, 135 N.H. 713, 715, 609 A.2d 749, 750-51 (1992). As the defendant raised no questions in his notice of appeal challenging the State's closing argument, we conclude that those arguments are waived. *See* SUP. CT. R. 16(3)(b); *State v. Dewitt*, 143 N.H. 24, 29, 719 A.2d 570, 573 (1998).

*Affirmed.*

All concurred.