Rockingham
No. 96-175

THE STATE OF NEW HAMPSHIRE

v.

GEORGE M. ATKINS, III

September 28, 2000

*Philip T. McLaughlin*, attorney general (*Beth Fowler* and *Jeffrey S. Cahill*, assistant attorneys general, on the brief, and *Mr. Cahill*, orally), for the State.

*George M. Atkins, III*, by brief and orally, *pro se.*

*Robert M. Linnehan, Jr.*, of Hampton Falls, on the supplemental brief, for the defendant.

DALIANIS, J. The defendant, George M. Atkins, III, appeals his conviction following a jury trial of seven counts of unsworn falsification, *see* RSA 641:3, II (1996), and one count of perjury, *see* RSA 641:1, I(a) (1996). He argues that the Superior Court (*Coffey*, J.) erred in various evidentiary rulings, including admitting prior convictions and allowing the State to inflame the jury improperly during closing argument. He also argues that the evidence was insufficient to support his perjury conviction. We affirm.

The following facts either were established at trial or in the defendant's prior appeal, *see State v. Atkins*, 143 N.H. 242, 723 A.2d 939 (1998). On May 16, 1995, a grand jury indicted the defendant on perjury and unsworn falsification charges. *See id.* These charges related to allegedly false statements in the defendant's financial affidavit supporting his application for court-appointed counsel in an unrelated matter. *See id.* After his conviction, the defendant moved for a new trial on the grounds that a portion of the State's closing was improper. The superior court denied the motion and this appeal followed.

On appeal, the defendant first asserts that the State, in its closing, improperly argued that he transferred funds to his father and wife to conceal assets from his creditors. The State contends that the defendant failed to preserve this issue for appeal. We agree.

During the State's closing, the defendant did not object to the State's repeated assertion that he gave his father and wife money to hide assets from his creditors. "This court will not entertain objections that were not raised during the proceedings below. We have specifically held that a criminal defendant's failure to object to allegedly prejudicial statements in a prosecutor's opening or closing argument precludes consideration of the issue on appeal." *State v. Wong*, 138 N.H. 56, 66, 635 A.2d 470, 476-77 (1993) (citation omitted). We therefore hold that the defendant failed to preserve this issue for our review.

The defendant next argues that the trial court erred by admitting evidence of his prior Massachusetts felony convictions and New Hampshire misdemeanor convictions under New Hampshire Rule of Evidence 609. As for the misdemeanor convictions, the record shows that the defendant introduced this information to explain why he had applied for court-appointed counsel in the first place. When asked by the court if he had "any problems with those [convictions] coming in," the defendant's privately retained counsel responded, "no, of course not." Therefore, the defendant cannot now object to their admission. *See State v. Porter*, 144 N.H. 96, 100, 738 A.2d 1271, 1274-75 (1999).

Turning to the two Massachusetts felony convictions, the court ruled that if the defendant took the stand, they could be used for impeachment purposes. The State contends that because the defendant did not testify, he is precluded from challenging the court's ruling. We agree.

"[B]ecause the defendant never took the stand[] the State never introduced the prior convictions for impeachment purposes

. . . and the jury thus never heard of the defendant's previous [convictions]. No prejudice to the defendant's case thereby resulted." *State v. LaRose*, 127 N.H. 146, 150, 497 A.2d 1224, 1228 (1985). In such a case, "the claim of prejudicial error [is] too speculative for adjudication." *State v. Croft*, 142 N.H. 76, 79, 696 A.2d 1117, 1120 (1997) (quotation omitted). Moreover, we have previously rejected the argument, made by the defendant here, that the trial court's ruling "chilled" the defendant's desire to testify on his own behalf. *State v. Wayne Kelley*, 120 N.H. 14, 18-19, 413 A.2d 300, 303-04 (1980).

The defendant also argues that there was insufficient evidence to support his perjury conviction. We disagree. Under RSA 641:1, I, "the State must prove [beyond a reasonable doubt] that while under oath during an official proceeding the defendant made an objectively false statement and that [he] did not believe the statement to be true." *State v. Maya*, 127 N.H. 684, 685, 506 A.2d 308, 309 (1986) (quotation and ellipsis omitted). "In reviewing the sufficiency of the evidence to sustain this burden, we must view the evidence and all reasonable inferences therefrom in the light most favorable to the state." *Id.* (quotation omitted).

The State alleged that the defendant committed perjury by responding "N/A" to a question on his September 8, 1994, financial affidavit, which asked, "Have you sold or transferred any Real Estate, Personal Property, etc. (worth $200 or more) within the last 6 months?" In support of this charge, the State presented evidence of transfers of $200 or more by the defendant either to his wife or his father within the six-month time period. We need only address one — the transfer of approximately $42,000 to the defendant's father — because a single transaction "worth $200 or more" is sufficient to support the conviction.

The State presented evidence that in May 1994, the defendant transferred approximately $18,000, his share of his and his wife's 1993 joint tax return, to his father, and also took loans against life insurance policies for approximately $24,000 which he gave to his father. The defendant asserted that he gave this money to his father to repay a debt. The State, however, presented evidence that during the same time period, the defendant's wife and father purchased a house together for which they needed to contribute approximately $87,000 at the closing.

Thus, the State contended that the $42,000 transferred to the defendant's father, which was almost half of the expected closing costs, was not a coincidence, and that the defendant's father was a

straw man through whom the defendant transferred money out of the reach of his creditors. It was for the jury to decide which explanation to believe. Therefore, there was sufficient evidence from which the jury could have found beyond a reasonable doubt that the defendant transferred money to his father in May 1994, and that the defendant perjured himself by answering his financial affidavit as he did.

The defendant's remaining arguments either were not raised in the defendant's notice of appeal, *see* SUP. CT. R. 16(3)(b), and are deemed waived, *see State v. Jackson*, 144 N.H. 115, 118, 738 A.2d 354, 356 (1999), or lack merit and warrant no further discussion, *see Vogel v. Vogel*, 137 N.H. 321, 322, 627 A.2d 595, 596 (1993).

*Affirmed.*

NADEAU, J., concurred; GROFF and MOHL, JJ., superior court justices, specially assigned under RSA 490:3, concurred; DUNN, J., retired superior court justice, sat for oral argument by special assignment under RSA 490:3 but did not take part in the final vote.