Hampton District Court
No. 99-544

## THE STATE OF NEW HAMPSHIRE

v.

## MICHAEL COGLIANO

July 6, 2001

*Philip T. McLaughlin*, attorney general (*Constance N. Stratton*, assistant attorney general, on the brief and orally), for the State.

*Desfosses Professional Association*, of Portsmouth (*Philip Desfosses* on the brief and orally), for the defendant.

DALIANIS, J. The defendant, Michael Cogliano, appeals his conviction for driving while intoxicated (DWI), subsequent offense. RSA 265:82, I (Supp. 2000). On appeal, he argues that the Hampton District Court (*Frasier*, J.) erred in admitting documents from a Massachusetts court regarding the defendant's prior DWI convictions because the documents were not properly authenticated. We affirm.

The relevant facts follow. The defendant was charged with DWI, subsequent offense. At trial, the State offered into evidence court records regarding the defendant's prior DWI conviction in Massachusetts, including three forms: (1) Docket Face and Rear Sheet; (2) Notice of Trial Date; and (3) Appearance of Counsel. The documents are all stamped, "A TRUE COPY ATTEST," signed by Kathleen M. McKeon, Assistant Clerk Magistrate, and contain a raised seal. Defense counsel objected to their admission, arguing that the documents were hearsay and not properly authenticated. The court admitted the evidence pursuant to New Hampshire Rules of Evidence 102 and 902(1). The court found the defendant guilty of DWI, subsequent offense.

On appeal, the defendant argues that the Massachusetts records were not properly authenticated. Specifically, the defendant contends that under *Folsom v. Blood*, 53 N.H. 434 (1873), and the Reporter's Notes to New Hampshire Rule of Evidence 902, a certificate of attestation from a judge must accompany the out-of-state court documents. We disagree.

The trial court properly admitted the documents pursuant to Rule 902(1). Rule 902 provides in pertinent part:

> Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

> (1) *Domestic public documents under seal.* A document bearing a seal purporting to be that of the United States, or of any State, district, Commonwealth, territory, or insular possession thereof . . . and a signature purporting to be an attestation or execution.

Thus, the documents in the instant case, which contain both a raised seal and a signature of the clerk of the court attesting to their authenticity, required no further authentication.

The defendant correctly asserts that in *Folsom*, we held that a judge's signature of attestation is also necessary for proper authentication of out-of-state documents. *See Folsom*, 53 N.H. at 435. *Folsom*, however, was decided in 1873, long before we adopted the Rules of Evidence. Rule 100 provides that the rules of evidence "shall govern all cases the trial of which commences on or after July 1, 1985." N.H. R. EV. 100. Further, it provides that "[t]o the extent these rules alter or conflict with the common law, the rules shall govern." *Id.* Rule 902(1) plainly states that only a seal and a signature of attestation are needed. An additional signature of attestation from a judge is not required. Accordingly, to the extent that *Folsom* holds otherwise, it conflicts with the rules of evidence and is no longer good law. N.H. R. EV. 100.

The defendant further relies upon the Reporter's Notes to Rule 902, which cite *Folsom*, to support his position that an attestation by a judge is required. This section of the Reporter's Notes conflicts with the rule. The Reporter's Notes do not have the force of law. Thus, when the Notes and rules conflict, the rules govern. Accordingly, we hold that pursuant to Rule 902(1), an attestation by a judge is not required to authenticate out-of-state documents when those documents contain a seal and an attestation from a clerk.

*Affirmed.*

BROCK, C.J., and BRODERICK, NADEAU and DUGGAN, JJ., concurred.