Cole v. Warden, NHSP          CV-00-296-B    08/07/01

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


**Alexander Cole**

**_____v.**                      Civil No. 00-296-B

**Opinion No. 2001 DNH 145**

**Warden, NH State Prison**


**MEMORANDUM AND ORDER**


Alexander Cole raises three groups of claims in his habeas corpus petition: (1) claims based on the alleged insufficiency of the evidence; (2) claims based on alleged misconduct by the prosecution; and (3) claims that his trial counsel was ineffective. The Warden has challenged the petition in a motion for summary judgment. I address the Warden's challenge to each category of claims in turn.

## A. Sufficiency of the Evidence Claims

The Supreme Court has held that where a habeas corpus petitioner who has been convicted in state court fails to properly preserve a claim by complying with state procedural requirements, he is not entitled to have his claim reviewed in

federal court unless he either satisfies the familiar "cause and prejudice" standard or demonstrates that a failure to address the merits of his claim will result in a miscarriage of justice. See Edwards v. Carpenter, 529 U.S. 446, 451 (2000). While the ineffective assistance of counsel may satisfy the "cause" requirement of the cause and prejudice test, the ineffective assistance of counsel claim must itself have been properly presented in state court. See id. at 453.

Cole presented his sufficiency of the evidence claims to the state court in a motion for a new trial but failed to challenge the court's rejection of his claims in his notice of appeal. Because New Hampshire has a firmly established rule that claims raised in the trial court are forfeited unless they are included in the notice of appeal, see State v. Jackson, 144 N.H. 115, 118 (1999), Cole's failure to raise his sufficiency of the evidence arguments in his notice of appeal bars me from reviewing his claims unless he can satisfy either the cause and prejudice test or the miscarriage of justice test. The only possible "cause" for Cole's failure to include his insufficiency of the evidence claims in his notice of appeal is that his counsel was ineffective.

Because Cole failed to raise this ineffective assistance claim in state court, however, he cannot rely on it to satisfy the "cause" prong of the cause and prejudice test. Further, given the substantial evidence presented at trial demonstrating Cole's guilt, he also cannot satisfy the miscarriage of justice test. Accordingly, I grant defendant's motion for summary judgment with respect to these claims.

## B. Prosecutorial Misconduct Claims

Cole next alleges that he is entitled to a new trial because the state: (1) denied him an opportunity to take a deposition from the victim; (2) failed to take a written statement from the victim; (3) denied Cole his right to confront the victim at a probable cause hearing; and (4) failed to produce a copy of a videotaped statement that the police took from the victim.[1]

With respect to the first three of these claims, the record demonstrates that Cole was aware of his potential claims prior to trial, but he took no action to litigate them either in the trial court or on direct appeal. Further, he cannot claim that his

---

[1] Cole also claims that the state knowingly offered false testimony on the issue of identity. He waived any claim concerning the issue of identity, however, during proceedings regarding his motion for a new trial.

-3-

failure to preserve the claims was the fault of his counsel because he failed to raise this ineffective assistance of counsel claim on appeal in state court. Nor can Cole claim the benefit of the miscarriage of justice exception because, for the reasons set forth in the Warden's summary judgment motion, his claims simply have no merit.

Cole also is not entitled to relief with respect to his claim that the state engaged in prosecutorial misconduct because it lost or destroyed the victim's videotaped statement.

In order to establish a claim that the state violated Cole's constitutional rights by losing or destroying evidence, he must demonstrate that the state: "(1) acted in bad faith when it destroyed evidence, which (2) possessed an apparent exculpatory value and which (3) is to some extent unreplaceable." United States v. Dumas, 207 F.3d 11, 15 (1st Cir. 2000). The state court judge who reviewed Cole's case found that the state did not act either in bad faith or negligently when it lost the videotape of the victim's interview. I have no reason to question this finding. Thus, Cole cannot succeed with his prosecutorial misconduct claims.

## C.  Ineffective Assistance of Counsel Claims

The Warden has filed a detailed memorandum demonstrating that Cole cannot succeed on his ineffective assistance of counsel claims because he procedurally defaulted certain claims and the remaining claims have no merit.  I agree with the Warden's analysis.  Thus, I grant the Warden's motion for summary judgment with respect to these issues.

## CONCLUSION

For the reasons set forth in this order, I grant the Warden's motion for summary judgment, (doc. no. 14).

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

August 7, 2001

cc:  Alexander Cole, *pro se*
     N. William Delker, Esq.