Claremont District Court
No. 2002-132

## THE STATE OF NEW HAMPSHIRE

v.

## ROBERT KNAPP

Argued: June 25, 2003
Opinion Issued: September 26, 2003

*Peter W. Heed*, attorney general (*Stephen D. Fuller*, senior assistant attorney general, on the brief and orally), for the State.

*McGrath Law Firm, P.A.* of Concord (*Andrew J. Piela* on the brief and orally), for the defendant.

NADEAU, J. Following a bench trial in the Claremont District Court (*Rappa,* J.), the defendant, Robert Knapp, was found guilty of driving after suspension, *see* RSA 263:64 (Supp. 2001) (amended 2002), and driving while intoxicated, *see* RSA 265:82 (Supp. 2002). On appeal, he contends that the trial court erred in admitting an out-of-state "Abstract of Driver History Record." We affirm.

The record supports the following facts. At approximately 11:00 p.m. on May 16, 2001, the Claremont Police Department received a report of a vehicle whose driver was consuming alcohol in a parking lot. Sergeant Mataruso located the vehicle, followed it for a distance and then stopped it. The defendant, who was the sole occupant, emerged and walked to the back of the vehicle where he advised Sergeant Mataruso that his license had been suspended in New Jersey. After failing several field sobriety tests, the defendant was arrested.

At trial, the State sought to introduce a certified copy of the defendant's Abstract of Driver History Record from New Jersey. The defendant objected, contending that because it did not contain a raised seal, it could not be authenticated under New Hampshire Rule of Evidence 902. He also argued that the State failed to present sufficient extrinsic evidence to authenticate it under New Hampshire Rule of Evidence 901. The trial court overruled the objection and the document was admitted. The defendant was convicted and this appeal followed.

We generally review the trial court's rulings on evidentiary matters with considerable deference, *see State v. Dahood,* 148 N.H. 723, 725-26 (2002), and will not reverse the trial court's ruling on authentication absent an unsustainable exercise of its discretion. *See N. Country Envtl. Servs. v. Town of Bethlehem,* 146 N.H. 348, 355 (2001); *cf. State v. Lambert,* 147 N.H. 295, 296 (2001) (explaining unsustainable exercise of discretion standard). "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." N.H. R. Ev. 901(a). Extrinsic evidence of authenticity as a condition precedent to admissibility is not required, however, when the document to be admitted bears a seal purporting to be that of any State and a signature

purporting to be an attestation or execution. N.H. R. Ev. 902(1). Certified copies of public records are admissible without extrinsic evidence of authenticity when they are certified by a custodian or other person authorized to make the certification by a certificate complying with the requirements of Rule 902(1). *See* N.H. R. Ev. 902(4).

The defendant contends that we have previously construed Rule 902(1) to require that a document contain a raised seal for authentication. *See State v. Cogliano*, 146 N.H. 603 (2001). We disagree. In *Cogliano*, we observed that the documents in dispute contained "both a raised seal and a signature of the clerk of the court attesting to their authenticity." *Id.* at 605. Rather than holding that a raised seal was required for authentication, we observed that "Rule 902(1) plainly states that only a seal and a signature of attestation are needed," *id.*; we went on to hold that "pursuant to Rule 902(1), an attestation by a judge is not required to authenticate out-of-state documents when those documents contain a seal and an attestation from a clerk." *Id.*

We note that our construction of Rule 902(1) is consistent with New Hampshire law governing the use of seals on public securities. *See* RSA 93-A:3 (2001) (facsimile seal has same legal effect as impression of seal when seal of State or its departments or political subdivisions is required in execution of public security or instrument of payment). Twenty-one other States have adopted the Uniform Facsimile Signatures of Public Officials Act. *See* RSA ch. 93-A.

The defendant also contends that motor vehicle records "are not public documents" in New Hampshire, *see* RSA 260:14, II (Supp. 2002), and that the State failed to establish that "driving records are public records in New Jersey." While he offers no proposed definition for the term and his argument is largely undeveloped, he appears to assert that unless a record is available for public inspection, it is not a "public record" covered by Rule 902(4). Given the definition contained within the rule, we decline to impose such a limitation. Rule 902(4) is entitled, "Certified copies of public records." By its own terms, it applies to a "copy of an official record or report or entry therein, or of a document recorded or filed in a public office."

While the defendant also asserts that the State failed to establish that the signatory was the custodian of the records, that issue was not raised in his notice of appeal. We therefore decline to address it. *See State v. Atkins*, 145 N.H. 256, 259 (2000).

■ In this case, the contested document was entitled, "State of New Jersey Division of Motor Vehicles Abstract of Driver History Record." It contained both the seal of the State of New Jersey and a signature of

certification. We therefore find no error in the trial court's ruling that the abstract had been properly authenticated.

Because we conclude that the abstract was properly authenticated under Rule 902, we need not address the defendant's remaining arguments concerning the State's failure to present sufficient extrinsic evidence for authentication under Rule 901. Accordingly, we affirm.

*Affirmed.*

BROCK, C.J., and BRODERICK, DALIANIS and DUGGAN, JJ., concurred.